**Emil L. HAZELWOOD, Petitioner,**
**v.**
**UNITED STATES of America,**
**Respondent.**

**Crim. No. 38099.**

United States District Court
N. D. California, S. D.

Sept. 7, 1962.

Charles R. Best, Jr., San Francisco, Cal., for petitioner.

Cecil F. Poole, U. S. Atty., and Jerrold Ladar, Asst. U. S. Atty., San Francisco, Cal., for respondent.

WOLLENBERG, District Judge.

This matter comes before the court on motion of petitioner seeking relief under 28 U.S.C. § 2255 and is filed in forma pauperis. A hearing was held on September 5, 1962.

Defendant was indicted and pleaded guilty on October 31, 1961 to one count of knowingly possessing an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5851 [1] and § 5861 [2]. Defendant was sentenced under Section 5010(b) of Title 18 U.S.C. and is now incarcerated in the federal penitentiary at McNeil Island.

As Section 5851 incorporated Section 5841, which requires the registration of sawed-off shotguns, and the indictment of defendant under Section 5851 relied on Section 5841 in charging possession of an unregistered shotgun, petitioner seeks to vacate and set aside his sentence in the light of the recent holding in Russell v. United States (9th Cir. 1962) 306 F.2d 402 which found Section 5841 un-

---

[1]. Section 5851 reads as follows: "It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of sections 5811, 5812(b), 5813, 5814, 5844, or 5846, or which has at any time been made in violation of section 5821, or to possess any firearm which has not been registered as required by section 5841. * * * *"

[2]. Section 5861 reads: "Any person who violates or fails to comply with any of the requirements of this chapter shall, upon conviction, be fined not more than $2,000, or be imprisoned for not more than 5 years, or both, in the discretion of the court".

constitutional and in violation of petitioner's right against self-incrimination as guaranteed in the Fifth Amendment to the Constitution when it was used as the substantive crime itself in conjunction with Section 5861.

The government properly distinguishes prosecution under Sections 5851 and 5861 for possession of an unregistered shotgun from the Russell case, which found defendant guilty under Sections 5841 and 5861 of failing to register the gun in question. The government points out that by incorporating Section 5841 into Section 5851, possession is the crime charged, and Section 5841, dealing with registration becomes only a status by which it can be determined what types of possession are illegal. Requiring registration through the use of its taxing powers is the means by which the court obtains jurisdiction over the crime of possession and establishes a standard for its application. As failure to register is not the crime charged in Section 5851, failure to register by the defendant is not a substantive element of that offense.

The real issue is whether or not possession of an unregistered gun, jurisdiction admitted, can be made a valid offense not in violation of constitutionally protected rights. I think it can. This is not the case, like Section 5841, of requiring a party to act (to register a gun) thereby violating his Fifth Amendment rights. Russell v. United States, supra. It is merely a situation making a certain status illegal (possession of an unregistered gun). To avoid this illegal status, the party may register the gun prior to possessing it and thereby avoid an act which would, as in Russell, by registering after possession, violate his Fifth Amendment rights.

It is unclear whether or not Russell found Section 5841 unconstitutional per se or only when it was relied upon to be itself the substance of an offense used in conjunction with the criminal penalties of Section 5861. It would seem both reasonable and desirable, however, to still find Section 5841 useful as a requirement and also as a status upon which Section 5851 may continue to rely and not to find it unconstitutional per se.

For these reasons, petitioner's motion to vacate his sentence is hereby denied.

In view of petitioner's affidavit of poverty filed on August 13, 1962 in conjunction with another motion, the court at this time hereby grants petitioner the right to appeal this order to the Circuit Court in forma pauperis, deeming it to be in good faith.