The **UNITED STATES** of America,
Plaintiff,

v.

Arthur Alonzo **MARES**, Larry Gerald Maynes, Defendants.

Crim. A. No. 16934.

United States District Court
D. Colorado.

Sept. 18, 1962.

Lawrence M. Henry, U. S. Atty. for Dist. of Colorado, Michael C. Villano, Asst. U. S. Atty., Denver, Colo., for plaintiff.

Donald S. Molen, Denver, Colo., for defendant Arthur Alonzo Mares.

Robert A. Schiff, Denver, Colo., for defendant Larry Gerald Maynes.

DOYLE, District Judge.

The Information herein contains four counts:

Count One charges Mares with unlawful possession of a described sawed-off shotgun, having failed to register it, contrary to Title 26 U.S.C. §§ 5841 and 5851. Count Two also pertains to defendant Mares and alleges his unlawful possession of the same firearm, which firearm was allegedly made in violation of Title 26 U.S.C. §§ 5821 and 5851.

Counts Three and Four pertain to the defendant Maynes, and in like manner charge him with unlawful possession of a described and serial numbered shotgun without having registered it as required by sections 5841 and 5851 of Title 26 U.S.C. Count Four charges Maynes with unlawful possession of the same described shotgun, and further alleges that this firearm was made in violation of Title 26 U.S.C. §§ 5821 and 5851.

Trial was had and verdicts of guilty were returned on all four counts. The matter is now before the Court on defendants' Motions in Arrest of Judgment and For a New Trial.

The motion in arrest of judgment is addressed to Counts One and Three only. Both of these charge possession of a firearm which has not been registered as required by sections 5841 and 5851 of Title 26 U.S.C. The motion as to the first and third counts is wholly based

upon the decision of the Ninth Circuit in Russell v. United States, 306 F.2d 402. The Court in that case voided a prosecution under Section 5841, supra, because the registration requirement would compel self-incrimination.

The United States Attorney has now moved to set aside the verdicts rendered as to the first and third counts and for dismissal of these counts on the ground that the Russell case controls the question.

Although noting that neither the decision of the Ninth Circuit, nor the position which the Attorney General, and in turn the United States Attorney, has taken, is binding, nevertheless the motion directed to the first and third counts will be granted.

Defendants next contend, somewhat inconsistently, that the prosecution has failed to establish that the weapons in question were made illegally. Title 26, section 5821, subsection (e), declares that it shall be unlawful for any person subject to the tax imposed, to make a firearm unless he has filed a declaration in writing as to his intent to make the firearm and has affixed a stamp as required by subsection (d) of section 5821. An individual making such a declaration is also required to include as part of the declaration his photograph and fingerprints.

To establish that the defendants herein did not file the declaration required by subsection (e) of section 5821, the Government introduced a certified statement from the Mail and File Supervisor, Administrative Section, U. S. Treasury Department, Internal Revenue Service. After reciting that he is the Custodian and controller of the National Firearms Registration and Transfer Record, the certified statement further declares:

"I further certify that, after diligent search of said record, no evidence has been found to show that Arthur A. Mares, or Larry Gerald Maynes, registered, filed a declaration of intent to make, or acquired by transfer, a Winchester, model 37, 20 gauge, barrel length 9½ inches, sawed-off stock, metal pistol grip forestock, overall length 19¼ inches, without a serial number, and a Winchester, model 20, 410 gauge, barrel length 12½ inches, pistol grip stock, overall length 18 inches, with serial number 18624."

The above record was received in evidence pursuant to Rule 27 of the Federal Rules of Criminal Procedure, 18 U.S.C., which declares that: "An official record or an entry therein or the lack of such a record or entry may be proved in the same manner as in civil actions." The companion rule of Civil Procedure is 44, 28 U.S.C., and it authorizes reception in evidence of an official record, or an entry therein, certified by the officer having custody. Part (b) of Rule 44 declares that: "A written statement signed by an officer having the custody of an official record or by his deputy that after diligent search no record or entry of a specified tenor is found to exist in the records of his office," goes on to provide that such a statement shall be accompanied by a certificate, "is admissible as evidence that the records of his office contain no such record or entry." There can be no question as to the admissibility of the described document and the only issue is whether this constitutes sufficient evidence to support the verdicts returned by the jury on Counts Two and Four of the unlawful possession of illegally made weapon.

It is to be observed that the evidence established unquestionably the *possession* of the weapons described in the Information.

The defendants were arrested as they proceeded down a street in Denver. The arrest occurred at an early morning hour and each of the defendants had in his possession the shotguns described in Counts Two and Four of the Information. Nor is there any question as to the illegal character of the weapons. The firearm described in Count Two had a 9½ inch barrel, a sawed-off stock and a metal pistol grip forestock. The weapon

described in Count Four was a Winchester model 20, having a serial number, with a 12½ inch barrel and a pistol grip stock. It is also to be noted that these weapons were apparently of home manufacture and although they had a crude appearance, a firearm expert testified that they were capable of firing.

The point which the defendants emphasize is that the mentioned record (Exhibit 3) merely states that these defendants did not file a declaration to make the weapons in question and they point out that subsection (b) (2) of section 5821 exempts firearms of the character in question with respect to which a tax has been paid. It is argued that for all we know a declaration may have been at some time made with respect to these weapons in which case they would be excepted under the Act.

■■ The conclusion of the Court is that the Government established a *prima facie* case when it introduced evidence showing possession of illegal weapons with respect to which *these defendants* had not filed a declaration of intent to make. This evidence, together with the mentioned circumstances, creates a sufficient inference that the weapons were made contrary to section 5821(e). The onus passed to the defendants to offer evidence that the weapons were within the exceptions described in section 5821 (b), as amended. This ruling is in the spirit of section 5851, as amended, which declares in part:

> " * * * Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury. * * * "

It follows that the convictions on Counts One and Three should be, and the same are set aside and held for naught. The guilty verdicts on Counts Two and Four are sufficiently established and are not subject to the ruling in Russell v. United States, supra. It is, therefore,

ORDERED that the motions for a new trial and in arrest of judgment, addressed to Counts Two and Four, are denied.