Morris Drew STARKS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18238.

United States Court of Appeals
Ninth Circuit.

April 11, 1963.

Rehearing Denied May 23, 1963.

Donald W. Malouf, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., and Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before ORR, HAMLIN and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

Appellant was convicted under the first count of an indictment which charges that he did "knowingly possess a firearm as defined in Section 5848 of Title 26, United States Code * * * which firearm had not been registered as required by Section 5841 of Title 26, United States Code, said possession being in violation of Sections 5851 and 5861, Title 26, United States Code."

On this appeal he makes four contentions:

(1) That conviction of possession of an unregistered firearm deprives defendant of the privilege against self-incrimination guaranteed by the fifth amendment to the Constitution;

(2) that section 5851 is unconstitutional because it unlawfully shifts the burden of proof to the defendant;

(3) that the evidence was insufficient to support the verdict in that it does not show that defendant had possession of the gun, and

(4) that the court committed prejudicial error in its instructions.

(1) Section 5851 is not unconstitutional.

The parties are agreed that the statute involved is section 5851, not section 5861, which merely defines the penalty. Appellant's contention is based upon our decision in Russell v. United

States, 9 Cir., 1962, 306 F.2d 402. In that case we held that section 5841, which requires every person possessing a firearm to register it, is unconstitutional because by the act of registering, the possessor necessarily incriminates himself. Appellant urges that it follows from this decision that the portion of section 5851 here involved is also unconstitutional for the same reason. That section reads as follows:

"It shall be unlawful for any person * * * to possess any firearm which has not been registered as required by section 5841. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury."

This same contention was presented to us in the recent case of Frye v. United States, 9 Cir., 1963, 315 F.2d 491. We rejected the contention, pointing out that the defendant was not charged with failing to register the weapon, as was the defendant Russell, but was charged with possession of an unregistered weapon. Section 5841, considered in Russell, makes it an offense to fail to register, and we held in Russell that to that extent, it is invalid. It is the possession of a gun that no one has registered, not the failure by appellant to register, that is the essence of the offense with which appellant was charged in this case. Appellant did not have to accept or acquire possession of the gun, and when he did so, that gun not having been registered by any one, the offense was complete. We adhere to the views expressed in Frye.

■ (2) In this case, as in Frye, the government proved, by the production of an official certification to that effect, that no one had registered the gun. Under these circumstances, that portion of section 5851 which appears in the last sentence thereof "added nothing to the government's case." (See Frye, supra.)

In Frye, the court instructed the jury as to the language of the last sentence of the section. Here, the court declined to do so, feeling that this was unnecessary. Defense counsel agreed with the court. When the instructions were being discussed and the court indicated that it would not instruct on this matter, defense counsel stated that such an instruction would be surplusage, would not be applicable to the case, and that it would be perfectly agreeable if the court did not instruct upon it. Under these circumstances, the claim that section 5851 is unconstitutional because it unlawfully shifts the burden of proof to the defendant is not available to appellant.

■ (3) There was sufficient evidence to sustain the conviction. One Walter Smith, Jr., testified that on the night of November 7, 1961, at about 11:30 or perhaps midnight, appellant and one Johnny Love knocked at his door and were admitted. Appellant asked Smith if he would keep a package for him, opened the package, and showed Smith a sawed-off shotgun. Smith agreed to keep it, wrapped it up, and placed it, together with two shotgun shells, under his child's bed. Appellant and Love then left. One Christine Deadwyler, who was apparently appellant's girl friend, testified that on that same evening, she, appellant, and Johnny Love, in appellant's car and with appellant driving, went to 42nd and Adeline Streets in Oakland, California, and that Johnny Love got out of the car, taking his coat with him, and returned with something wrapped in the coat. There had been some conversation, she said, between appellant and Starks about what they were going to get. They mentioned a gun. They then drove to Smith's house. When they got to Smith's house, she saw a piece of wood sticking out of the coat. This resembled the butt end of the gun, which was an exhibit in the case. Since she had heard mention of a gun, she assumed that it was a gun. At Smith's house, the two men got out of the car, picked up the coat and whatever was wrapped up in it, and carried it

to the house. She did not remember which one carried it. Johnny Love also testified. He corroborated Miss Deadwyler's story, except that he did not remember what he wrapped the gun in. He also testified that he and appellant both took the gun into Smith's house, but that it was appellant who actually carried it to the house and handed it to Smith.

We think that the foregoing evidence sustains the verdict, i. e., the finding of the jury that appellant had possession of the gun.

(4) The contention that the court erred in instructing the jury cannot be sustained.

At the conclusion of the court's instructions, the court inquired whether counsel had any exceptions to make. Counsel for appellant replied: "None for the defense, Your Honor." Under Rule 30, Federal Rules of Criminal Procedure, no objection having been made, appellant may not assign as error any portion of the charge or omission therefrom. Recognizing this rule, appellant contends that in this case the court erred in failing to give a precautionary instruction as to the testimony of an accomplice and asserts that this error can be considered under Rule 52(b) of the Federal Rules of Criminal Procedure.

We cannot sustain this contention. (See Papadakis v. United States, 9 Cir., 1953, 208 F.2d 945, 954.) The judge might have added a sentence in his instructions cautioning the jury that they should receive the evidence of Smith and Love with caution because, according to their testimony, they were accomplices. But such an instruction could well have been objected to by appellant's counsel. It could have been very harmful to appellant's defense. He claimed that he did not participate in the matter at all, and an instruction relating to the status of Smith and Love as his accomplices could well be taken by a jury, even though artfully and carefully phrased by the court, as indicating that the court thought that appellant had participated with them in the offense. This is exactly opposite to the conclusion that appellant was asking the jury to reach. This may be why appellant's counsel did not ask for an instruction on the matter. Under these circumstances, the point that appellant's present counsel makes must be rejected; there was no error, much less the sort of error referred to in Rule 52(b).

Affirmed.