James R. TAYLOR, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7711.

United States Court of Appeals
Tenth Circuit.

June 24, 1964.

Harry Merson, Oklahoma City, Okl., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., and Thomas E. Joyce, Asst. U. S. Atty., Kansas City, Kan., on the brief), for appellee.

Before PHILLIPS and SETH, Circuit Judges and ARRAJ, District Judge.

ARRAJ, District Judge.

Appellant contests the denial of his motion under 28 U.S.C. § 2255 to vacate the sentence imposed following his plea of guilty to violations of 26 U.S.C. § 5821 and 26 U.S.C. § 5851. He argued below, relying on Russell v. United States, 306 F.2d 402 (9th Cir. 1962) that compliance with the two statutes would compel him to incriminate himself in violation of the Fifth Amendment. Counsel appointed by this Court to prosecute his appeal abandoned the constitutional argument, contending that the Court below "erred by misinterpreting the elements of proof necessary for a conviction under the information." The logic of this argument is "that had the Defendant been apprised of the proper burden placed upon the Government to sustain a conviction under the information, he would *not* have plead guilty." Leaving aside the question whether the latter argument is properly before the Court, not having been raised below, we proceed to consider the merits of both questions.

The Russell case, which held that 26 U.S.C. § 5841 was unconstitutional because it compelled self-incrimination by requiring the registration of illegal firearms, raised a brief flurry of cases in the

Reports, all of which have been examined. The case has been followed in two District Court cases in this Circuit, once over the opposition of the Government, McCann v. United States, 217 F.Supp. 751 (D.Colo.1963), and once on the motion of the Government, United States v. Mares, 208 F.Supp. 550 (D.Colo.1962). The other cases in which it has been raised, distinguished it, as the District Court here did below, on the grounds that the offense charged was not the failure to register an illegal firearm, but the possession of an unregistered (illegal) firearm.

It is notable that this distinction has been observed in the Ninth Circuit which decided the Russell case. See Frye v. United States, 315 F.2d 491 (9th Cir. 1963) and Starks v. United States, 316 F.2d 45 (9th Cir. 1963). Indeed, as Judge Blackmun of the Eighth Circuit noted in Sipes v. United States, 321 F.2d 174, 178 (8th Cir. 1963), the distinction is intimated in Russell itself at pp. 406–407 of 306 F.2d. It has likewise been recognized previously by this Court in Mares v. United States, 319 F.2d 71 (10th Cir. 1963), which involved, as here, violation of Sections 5821 and 5851 of 26 U.S.C. There the Court noted 319 F.2d at p. 73:

> "The declaration requirement contained in 26 U.S.C. § 5821(e) does not violate the constitutional safeguard against self-incrimination in respect to prosecutions for possession of firearms illegally made. The defendant's reliance upon Russell v. United States, 306 F.2d 402 (9th Cir., 1962), is unjustified. * * * In contrast with Section 5841, there is no self-incrimination inhering in the filing of the latter declaration or the payment of the tax. The declaration and payment required by Section 5821 would establish the legality, rather than illegality, of the possession of such a firearm.
>
> "Nor are there constitutional obstacles presented by the interplay of the two sections or from the evidential presumption established in Section 5851 resulting from proved possession."

We find these authorities dispositive of appellant's constitutional argument.

Although it is unnecessary to consider the niceties of appellant's argument relating to the burden the Government must carry in a case such as this, we feel compelled to explicitly reject one facet of that argument. Appellant pleaded guilty to the charge of wilfully and unlawfully possessing a firearm made in violation of 26 U.S.C. § 5821, without having paid the tax imposed by said section and upon which said tax had not been paid, in violation of 26 U.S.C. § 5851. He argues here that under this charge "the Government is compelled to establish that Defendant is the *one* who made or altered the firearm."

■ While recognizing that under Waters v. United States, 328 F.2d 739 (10th Cir. 1964), the Government, in addition to proving the possession proscribed by Section 5851, must prove non-compliance with one or more of the regulatory sections enumerated in Section 5851—in this case, Section 5821—we think such non-compliance can be shown without proving that the defendant personally made the firearm. See, e. g., Frye v. United States, supra, and Starks v. United States, supra. Defendant's contention, in fact, is contrary to the express language of Section 5851 which provides in pertinent part that "It shall be unlawful for any person to receive or possess any firearm * * * *which has at any time been made* in violation of section 5821. * * *" (Emphasis added.) We find no requirement in this language or the language of Section 5821 that the Government must prove that the defendant made the firearm, and the Courts have declined to engraft such a requirement onto the statute. See especially Sipes v. United States, supra 321 F.2d at 179. This position is consonant with the presumption raised by the last sentence of Section 5851. See United States v. Mares, 208 F.Supp. 550 (D.Colo.1962), aff'd, 319 F.2d 71 (10th Cir. 1963).

Even if we were to grant this premise, appellant's contention would be without merit. There is nothing in the record to show that the Judge, the appellant, or the appellant's attorney labored under any misapprehension about the burden. Nor is there any indication —or allegation, for that matter—that appellant's attorney was incompetent. Moreover, the logic of the argument is not persuasive; at its extreme, it would mean that no one should be allowed to plead guilty to an offense which is difficult to prove. The Federal Rules of Criminal Procedure carefully circumscribe the procedure by which a defendant may enter a plea of guilty if he wishes. They afford no support for the contention made here. Case authority is likewise lacking.

Affirmed.