Pete CAPOOTH, Jr., Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. A. No. 63–H–843.

United States District Court
S. D. Texas,
Houston Division.

Feb. 18, 1965.

Harvin C. Moore, Jr., Houston, Tex., for plaintiff.

Woodrow Seals, U. S. Atty., William M. Schultz and James R. Gough, Asst. U. S. Attys., Houston, Tex., for defendant.

BREWSTER, District Judge.

The petitioner brought this action under 28 U.S.C.A. § 2255 seeking to set aside his conviction on his plea of guilty to a one count indictment charging him with unlawful possession of a sawed-off shotgun with a barrel 7¼ inches long which had not been registered with the Secretary of the Treasury or his delegate, in violation of Sections 5851 and 5861, Title 26 U.S.C.A.

The petitioner insists that his sentence is invalid for the same reason that the conviction was vacated in Russell v. United States, 9 Cir., 1962, 306 F.2d 402. His position is untenable because the statutory defect or omission that caused the Court to hold in Russell that the charges there involved could not be predicated on a violation of Section 5851 was cured by an amendment effective before the date of the offense alleged against the petitioner here. Frye v. United States, 9 Cir., 1963, 315 F.2d 491; Starks v. United States, 9 Cir., 1963, 316 F.2d 45; Sipes v. United States, 8 Cir., 1963, 321 F.2d 174; Taylor v. United States, 10 Cir., 1964, 333 F.2d 721; Hazelwood v. United States, D.C.N.D.Cal., 1962, 208 F.Supp. 622.

The information in the Russell case charged that on or about October 28, 1956 the defendants had possession of two sawed-off shotguns, each with a barrel of less than eighteen inches in length, "which they unlawfully, wilfully and knowingly failed to register with the Collector of Internal Revenue for the District in which the said defendants resided." The following recitation in the heading was the only attempt to identify the particular statute under which the charge was brought: "Information. * * * 26 USCA 5851, Illegal Possession of Firearms. * * *" While Section 5851 provided a number of offenses based on unlawful possession of firearms without having complied with statutory regulations in Chapter 53, Title 26 U.S.C.A., relating to the *making* and *transfer* of firearms at the time alleged in the indictment in the Russell case, it failed to contain any provision for an offense based on possession of a firearm without having complied with the statute requiring *registration*. The Court held that the offense could not, therefore, be predicated upon Section 5851, and that it had to be based upon Section 5841 requiring all persons having possession of firearms to register with the Secretary of the Treasury or his delegate the identity of the firearm and of the person having possession of it. The Court held the conviction of Russell was invalid and should be set aside because it was necessarily predicated upon a violation of his privilege against self-incrimination.

Subsequent to the conviction of Russell, Congress amended Section 5851,[1] effective September 2, 1958, by adding a provision making it an offense to possess

---

1. Section 5851 has read as follows since the 1958 amendment:

"§ 5851. *Possessing firearms illegally*

"It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of sections 5811, 5812(b), 5813, 5814, 5844, or 5846, or which has at any time been made in violation of section 5821, *or to possess any firearm which has not been registered as required by section 5841.* Whenever on

trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury. As amended Sept. 2, 1958, Pub.L. 85–859, Title II, § 203(h) (1), (2), 72 Stat. 1428." (Emphasis ours).

The language added or changed by the amendment is that in italics.

any firearm which has not been registered as required by Section 5841. The result was that after that amendment the possession of a firearm, coupled with non-compliance with any one of the eight enumerated sections of Chapter 53, one relating to the *making,* another to the *registration,* and the balance to the *transfer* of firearms, became an offense punishable as provided in Section 5861. Waters v. United States, 10 Cir., 1964, 328 F.2d 739.

The indictment under which the petitioner here was convicted charged an offense based on the 1958 amendment of Section 5851, and alleged the date of the offense to be March 4, 1962, over three years after the effective date of the amendment.[2] Similar convictions based on offenses subsequent to the amendment have been upheld in the Frye, Starks, Sipes, Taylor and Hazelwood cases, supra. The opinions in Frye and Starks were written by Judge Duniway of the Ninth Circuit, who sat on the panel which decided the Russell case. The basis of the holdings is that possession, and not failure to register, is now the gist and the substantive element of the offense.

Judge Duniway pointed out this distinction in the Starks case, supra, 316 F.2d at pages 45–46, where he said:

"The parties are agreed that the statute involved is section 5851, not section 5861, which merely defines the penalty. Appellant's contention is based upon our decision in Russell v. United States, 9 Cir., 1962, 306 F.2d 402. In that case we held that section 5841, which requires every person possessing a firearm to register it, is unconstitutional because by the act of registering, the possessor necessarily incriminates himself. Appellant urges that it follows from

this decision that the portion of section 5851 here involved is also unconstitutional for the same reason. That section reads as follows:

"'It shall be unlawful for any person * * * to possess any firearm which has not been registered as required by section 5841. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury."

"This same contention was presented to us in the recent case of Frye v. United States, 9 Cir., 1963, 315 F.2d 491. We rejected the contention, pointing out that the defendant was not charged with failure to register the weapon, as was the defendant Russell, but was charged with possession of an unregistered weapon. Section 5841, considered in Russell, makes it an offense to fail to register, and we held in Russell that to that extent, it is invalid. It is the possession of a gun that no one has registered, not the failure by appellant to register, that is the essence of the offense with which appellant was charged in this case. *Appellant did not have to accept or acquire possession of the gun, and when he did so, that gun not having been registered by any one, the offense was .complete.* We adhere to the views expressed in Frye." (Emphasis ours).

In commenting on this distinction of the Russell case, the Tenth Court of Ap-

2. The indictment in this case charged: "That on or about March 4, 1962, in the Houston Division of the Southern District of Texas, and within the jurisdiction of this Court, PETE CAPOOTH, Jr. did unlawfully possess a firearm as defined by Section 5848(1), Title 26, United States Code, that is a Stevens .410 gauge shotgun, Serial No. 62677, having a barrel 7¼" in length, which was not registered with the Secretary of Treasury or his delegate as required by Section 5841, Title 26, United States Code. (Violation Sections 5851, 5861, Title 26, United States Code.)"

peals said in the Taylor case, supra, 333 F.2d at page 722:

"It is notable that this distinction has been observed in the Ninth Circuit which decided the Russell case. See Frye v. United States, 315 F.2d 491 (9th Cir.1963) and Starks v. United States, 316 F.2d 45 (9th Cir.1963). Indeed, as Judge Blackmun of the Eighth Circuit noted in Sipes v. United States, 321 F.2d 174, 178 (8th Cir.1963), the distinction is intimated in Russell itself at pp. 406–407 of 306 F.2d. It has likewise been recognized previously by this Court in Mares v. United States, 319 F.2d 71 (10th Cir.1963), which involved, as here, violation of Sections 5821 and 5851 of 26 U.S.C. * * * "

■ The National Firearms Act was originally passed in 1934. With some few corrective amendments it has been carried forward as parts of the Internal Revenue Codes of 1939 and 1954. Except for the Russell case, decided twenty-eight years after the original passage of this wholesome law,[3] the Act has survived all attacks on its constitutionality, including, as Sipes v. United States, supra, says at page 177 of 321 F. 2d, those based on "Tenth Amendment, purpose, nonrevenue, proportion-of-tax-to-value, and prohibitive-character arguments." Sonzinsky v. United States, 300 U.S. 506, 57 S.Ct. 554, 81 L.Ed. 722 (1937); United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939). Section 5851, itself, has withstood challenges of its constitutionality on all additional grounds. Page v. United States, 8 Cir., 1960, 282 F.2d 807; United States

v. Decker, 6 Cir., 1961, 292 F.2d 89; Mares v. United States, 10 Cir., 1963, 319 F.2d 71; Frye v. United States, supra; Starks v. United States, supra; Sipes v. United States, supra. From the cases decided since Russell v. United States, including the two by the Ninth Circuit itself, it now appears that it was the application of Section 5841 to the facts of the Russell transaction, rather than the statute itself, which was held to be unconstitutional. As Judge Rives said in Shuttlesworth v̇. Birmingham Board of Education, D.C.Ala., 162 F.Supp. 372, 384, affirmed, 358 U.S. 101, 79 S.Ct. 221, 3 L.Ed.2d 145, a statute may be unconstitutional in its application in some instances, and yet be constitutional in itself. The Court is of the opinion that the petitioner's conviction here was based upon a valid statute constitutionally applied.

■ The government had the petitioner present at a hearing of this case under a writ of habeas corpus ad testificandum, requested by it out of an abundance of precaution and for the purpose of settling in this one hearing all possible claims that his conviction here challenged is subject to collateral attack. He was represented in the hearing by able counsel appointed by the Court. Based upon a thorough inquiry, the Court finds and concludes that from the inception of the transaction out of which this prosecution arose, the petitioner has been accorded all rights guaranteed him by the Constitution and laws of the United States which were not voluntarily and understandingly waived by him; that he was convicted upon his plea of guilty properly entered and received; and that

---

3. The following quotation is taken from a statement by Congress of the primary purpose of the Act:

" 'The primary purpose of (the original 1934 Act) was to make it more difficult for the gangster element to obtain certain types of weapons. The type of weapon with which these provisions are concerned are the types which it was thought would be used primarily by the gangster-type element. * * * The purpose of this was, of course, to include within the category of weapons subject to these taxing and control provisions the sawed-off shot guns and sawed-off rifles likely to be used by the gangster element. * * * ' Senate Report No. 1303, 86th Cong., 2d Sess. 1960–1 C.B. 848, 849–50, U.S.Code Congressional & Administrative News, 1960, pp. 2111, 2112–13; and House Report No. 914, 86th Cong., 2d Sess." See Sipes v. United States, supra, at page 176 of 321 F.2d.

he is imprisoned pursuant to a valid judgment of this Court. The petition to set aside his conviction here involved is therefore without merit and judgment will be entered denying it.

This opinion will serve as findings of fact and conclusions of law under Rule 52(a), F.R.Civ.P.