John Henry CASTELLANO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 8248.

United States Court of Appeals Tenth Circuit.

Sept. 13, 1965.

Rehearing Denied Oct. 8, 1965.

Robert Lee Kessler, Denver, Colo., for appellant.

Richard T. Spriggs, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., for District of Colo., on the brief), for appellee.

Before PICKETT, BREITENSTEIN, and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A jury found appellant guilty of possessing an unregistered sawed-off shotgun in violation of the National Firearms Act as amended.[1] In this appeal he attacks the constitutionality of 26 U.S.C. § 5851, the statute under which he was convicted, on the ground that it incorporates by reference § 5841 which in turn violates the self-incrimination provisions of the Fifth Amendment.

The firearms to which the Act applies are defined by § 5848. The gun in question is within the appropriate definition because it is less than the required length. The Act contains various provisions relating to the making,[2] transfer,[3] and registration[4] of the proscribed guns. Section 5851 declares it unlawful for a person to receive or possess any such firearm transferred in violation of the pertinent sections, made in violation of § 5821, or "which has not been registered as required by section 5841."

The information against appellant was in two counts. The first charged a violation of § 5851 by the possession of a firearm made in violation of § 5821. On this count appellant was found not guilty by the jury. The second count charged appellant with a violation of § 5851 by the possession of a firearm not registered as required by § 5841.[5] On this count he was convicted and sentenced to a term of three months in jail.

Appellant places prime reliance on Russell v. United States, 9 Cir., 306 F.2d 402. That case considered a charge of the unlawful possession of an unregistered sawed-off shotgun in 1956. Section 5851 as it then read did not include the language "or to possess any firearm which has not been registered as required by section 5841." That phrase was added by a 1958 amendment.[6] The court held that the information did not charge an offense under § 5851 but only under § 5841 and that the conviction could not be sustained because compliance with § 5841 would result in self-incrimination contrary to the Fifth Amendment. The

---

1. See Act of June 26, 1934, 48 Stat. 1236. This Act and its amendments were incorporated in the 1939 and 1954 revisions of the Internal Revenue Code. See 26 U.S.C. § 5801 et seq.

2. See § 5821.

3. See §§ 5811, 5812(b), 5813, 5814, 5844, and 5846.

4. See § 5841.

5. The prosecution proved that the gun was not registered as required by § 5841.

6. See Act of Sept. 2, 1958, Pub.L. 85–859, Title II, § 302(h) (1), (2), 72 Stat. 1428.

court reasoned that the furnishing of the facts asked by § 5841 would provide information "as to past conduct (or present status) which was actually or presumptively unlawful." [7] The court went on to say that if the conviction and sentence had been under § 5851 "the constitutional question * * * might not [have been] presented," and that, "The questioned count would charge a crime under section 5851, as that statute reads today," [8] that is, after the 1958 amendment.

The Ninth Circuit, in Frye v. United States, 9 Cir., 315 F.2d 491, certiorari denied 375 U.S. 849, 84 S.Ct. 104, 11 L.Ed.2d 76, considered a charge of a violation of § 5851 by the possession of an unregistered firearm after the 1958 amendment and in affirming the conviction distinguished Russell on the ground that the charge was not failure to register in violation of § 5841 but rather possession of an unregistered firearm in violation of § 5851. This distinction was restated in Starks v. United States, 9 Cir., 316 F.2d 45, 46, and has been recognized by the Eighth Circuit in Sipes v. United States, 8 Cir., 321 F.2d 174, 178, certiorari denied 375 U.S. 913, 84 S.Ct. 208, 11 L.Ed.2d 150 (prosecution under § 5851 for possession of a firearm made in violation of § 5821), and by this circuit in Taylor v. United States, 10 Cir., 333 F.2d 721; Waters v. United States, 10 Cir., 328 F.2d 739; and Mares v. United States, 10 Cir., 319 F.2d 71 (all prosecutions under § 5851 for possession of a firearm made in violation of § 5821).

The constitutionality of the National Firearms Act was upheld by the United States Supreme Court in Sonzinsky v. United States, 300 U.S. 506, 57 S.Ct. 554, 81 L.Ed. 772, and United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206, but the question here raised was presented in neither of those cases. As we understand appellant's argument it is that § 5851 incorporates § 5841 by reference; that compliance with § 5841 requires self-incrimination contrary to the Fifth Amendment; and that § 5851 must fall because of the infirmity of the section which it incorporates.

Russell holds that a criminal prosecution may not be brought under § 5841 for failure to register because the act of registering carries with it self-incrimination by providing information of unlawful past or present conduct or status. The National Firearms Act has been upheld as a valid exercise by Congress of its taxing power.[9] In the use of that power registration of the affected property or activity may be required. Russell does not deny the validity of the registration provision and says only that a prosecution may not be had thereunder.[10] In the case at bar the offense is the possession—not the failure to register. The status of unlawful possession is created by the requirements of § 5841.[11] The appellant was not forced into that status. He did not have to accept or acquire the gun. When he did so he became subject to the applicable statutory provisions; and, the gun not having been registered, the offense was complete.[12] His inability thereafter to register without self-incrimination does not defeat the charge or render the application of § 5851 violative of the Fifth Amendment.

Affirmed.

7. 306 F.2d 402, 410.

8. 306 F.2d 402, 407, note 11.

9. Sonzinsky v. United States, 300 U.S. 506, 514, 57 S.Ct. 554.

10. See Capooth v. United States, S.D. Tex., 238 F.Supp. 583, 586.

11. See Hazelwood v. United States, N.D. Cal., 208 F.Supp. 622, 623.

12. Starks v. United States, 9 Cir., 316 F. 2d 45, 46.