Miles Edward **HAYNES**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 23595.

United States Court of Appeals
Fifth Circuit.

Feb. 14, 1967.

Ernest E. Figari, Jr., Dallas, Tex., for appellant.

Bailey F. Rankin, Asst. U. S. Atty., Melvin M. Diggs, U. S. Atty., Curtis W. Griffith, Atty., Regional Counsel's Office, Internal Revenue Service, Dallas, Tex., for appellee.

Before BROWN, COLEMAN, and AINSWORTH, Circuit Judges.

COLEMAN, Circuit Judge.

Appellant was charged with a violation of 26 U.S.C.A. § 5851,[1] as follows:

That on or about February 8, 1965, in Dallas, Dallas County, Texas, and in the Dallas Division of the Northern District of Texas, MILES EDWARD HAYNES, defendant herein, knowingly and unlawfully possessed a firearm as defined by Section 5848 (1), Title 26, United States Code, to wit, a weapon made from a 410 gauge single shot shotgun with a barrel length of 12⅝⁶ inches, stock cut off, overall length 20⅜ inches, Serial No. 759885, which firearm had not been registered with the Secretary of the Treasury or his

delegate, that is the Director, Alcohol and Tobacco Tax Division, Internal Revenue Service, Washington, D. C., as required by Section 5841, Title 26, United States Code, and Section 179.98 of Title 26 Code of Federal Regulations, Part 179.

He moved to dismiss on the ground that "Section 5851, of Title [26] 28, United States Code, which charges an offense with respect to Section 5841[2] is unconstitutional * * *." The motion was overruled. Haynes thereupon pleaded guilty, was sentenced to four years imprisonment, and has perfected this appeal.

█ █ A guilty plea is a waiver of all nonjurisdictional defects and defenses and admits the facts charged, White v. Beto, 5 Cir., 1966, 367 F.2d 557; Law v. Beto, 5 Cir., 1966, 370 F.2d 369. Where, prior to his guilty plea, a defendant appropriately raises the unconstitutionality of the applicable statute, an appeal, directed to that issue, is not foreclosed, Ex Parte Siebold, 100 U.S. 371, 25 L.Ed. 717 (1879); Rice v. United States, 5 Cir., 1929, 30 F.2d 681; United States v. Ury, 2 Cir., 1939, 106 F.2d 28, 124 A.L.R. 569.

Insofar as it requires an individual to incriminate himself, Section 5841 has at least four times been held unconstitutional.[3]

---

1. § 5851. Possessing firearms illegally

It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of sections 5811, 5812(b), 5813, 5814, 5844, or 5846, or which has at any time been made in violation of section 5821, or to possess any firearm which has not been registered as required by section 5841. Whenever on trial for a violation of this action the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury.

2. § 5841. Registration of persons in general

Every person possessing a firearm shall register, with the Secretary or his delegate, the number or other mark identify-

ing such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment, and, if such person is other than a natural person, the name and home address of an executive officer thereof. No person shall be required to register under this section with respect to a firearm which such person acquired by transfer or importation or which such person made, if provisions of this chapter applied to such transfer, importation, or making, as the case may be, and if the provisions which applied thereto were complied with.

3. Russell v. United States, 9 Cir., 1962, 306 F.2d 402; Dugan v. United States, 7 Cir., 1965, 341 F.2d 85; United States v. Fleish, 227 F.Supp. 967 (E.D.Mich. 1964); McCann v. United States, 217 F.Supp. 751 (D.Colo., 1963).

This Court aligned itself with those decisions in Lovelace v. United States, 357 F.2d 306 (1966). We there held invalid an indictment which charged the possession of a sawed off shotgun "which had not been registered by the defendant * * *". We said:

The offense charged includes not only the possession of a firearm, but *also the failure to register by the defendant himself* [emphasis added]. Such registration would clearly incriminate him as he would thereby have to admit that he was in possession of a firearm which he did not acquire in compliance with Section 5851. * * * The indictment by requiring proof that the defendant himself had not registered the gun has applied Section 5851 in an unconstitutional manner [357 F.2d at 309]."

The Court discussed the *Russell* case, cited in footnote 3, as to the unconstitutionality of Section 5841 and made known its familiarity with cases holding Section 5851 to be Constitutional. The Constitutionality of Section 5851, however, was not expressly passed upon as that was unnecessary to the determination of the issue under consideration.

The appellant here, enjoying the vigorous assistance of able appointed counsel, strongly attacks the Constitutionality of Section 5851. He argues that the Section cannot stand because it is inseparable from Section 5841, and, in any event, violates the privilege against self-incrimination guaranteed by the Fifth Amendment.

As to the first ground, we quote from appellant's brief:

"It is the Appellant's contention that, since Section 5841 is unconstitutional and void, that is, has no legal existence, Section 5851, being inseparable from Section 5841, is likewise unconstitutional, and should be held invalid.

\* \* \* \* \* \*

"Thus the reference by Section 5851 to Section 5841 has the effect of incorporating a void.

\* \* \* \* \* \*

"Section 5841 is so essential to Section 5851 that the latter cannot operate without the former * * *"

As to the second ground, appellant says " * * * nonregistration by 'any one' must, by the very provisions of Section 5841, necessarily include the present possessor of the firearm".

These arguments are not bereft of plausibility. Nevertheless, it cannot be ignored that Section 5851 has at least eight times been held Constitutional.[4] We have been cited, and we find, no case to the contrary. We are presented no issue of choice as to the weight of authority—the decisions all sustain Constitutionality.

In one of the most recent decisions collated in Footnote 4, Castellano v. United States, on which certiorari was denied, the Court held as follows:

"The National Firearms Act has been upheld as a valid exercise by Congress of its taxing power. In the use of that power registration of the affected property or activity may be required. Russell does not deny the validity of the registration provision and says only that a prosecution may not be had thereunder. In the case at bar the offense is the possession—not the failure to register. The status of unlawful possession is created by the requirements of § 5841. The ap-

---

4. Castellano v. United States, 10 Cir., 1965, 350 F.2d 852, cert. denied, 383 U.S. 949, 86 S.Ct. 1207, 16 L.Ed.2d 211 (1966); Taylor v. United States, 10 Cir., 1964, 333 F.2d 721; Sipes v. United States, 8 Cir., 1963, 321 F.2d 174, cert. denied, 375 U.S. 913, 84 S.Ct. 208, 11 L.Ed.2d 150 (1963); Frye v. United States, 9 Cir., 1963, 315 F.2d 491, cert. denied, 375 U.S. 849, 84 S.Ct. 104, 11 L.Ed.2d 76 (1963); Starks v. United States, 9 Cir., 1963, 316 F.2d 45; Capooth v. United States, 238 F.Supp. 583 (S.D.Tex.1965); Hazelwood v. United States, 208 F.Supp. 622 (N.D.Cal.1962); United States v. Forgett, 6 Cir., 1965, 349 F.2d 601, cert. denied, 383 U.S. 926, 86 S.Ct. 929, 15 L.Ed.2d 845 (1966); Mares v. United States, 10 Cir., 1963, 319 F.2d 71.

pellant was not forced into that status. He did not have to accept or acquire the gun. When he did so he became subject to the applicable statutory provisions; and, the gun not having been registered, the offense was complete. His inability thereafter to register without self-incrimination does not defeat the charge or render the application of § 5851 violative of the Fifth Amendment."

The judgment of the District Court is Affirmed.