**Ivan L. DECKARD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18619.**

United States Court of Appeals
Eighth Circuit.

Aug. 7, 1967.

Ivan L. Deckard, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Stephen M. Boyd and Stephen W. Skrainka, St. Louis, Mo., amicus curiæ, St. Louis Civil Liberties committee.

Before VAN OOSTERHOUT, BLACKMUN and GIBSON, Circuit Judges.

BLACKMUN, Circuit Judge.

Ivan L. Deckard, by his petition for a writ of error coram nobis, seeks to void his 1961 conviction for a violation of 26 U.S.C. § 5841.[1] This statute is

---

1. 26 U.S.C. § 5841. Registration of persons in general

Every person possessing a firearm shall register, with the Secretary or his delegate, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment, and, if such person is other than a natural person, the name and home address of an executive officer thereof. No person shall be required to register under this section with respect to a firearm which such person acquired by transfer or importation or which such person made, if provisions of this chapter applied to such transfer, importation, or making, as the case may be, and if the

the mandatory registration provision of the National Firearms Act, now a part of the Internal Revenue Code of 1954, as amended. Deckard claims that the statute, as applied to him, violates his Fifth Amendment guaranty against self-incrimination. Judge Meredith denied Deckard's petition. His supporting memorandum is reported as Deckard v. United States, 260 F.Supp. 565 (E.D.Mo. 1966). This court touched upon the constitutional issue, but did not decide it, in Page v. United States, 282 F.2d 807, 810–811 (8 Cir. 1960), and in Sipes v. United States, 321 F.2d 174, 178 (8 Cir. 1963), cert. denied 375 U.S. 913, 84 S.Ct. 208, 11 L.Ed.2d 150.

By three separate informations Deckard was charged with respective violations of 18 U.S.C. § 2314 (interstate transportation of a forged security), of 18 U.S.C. § 751 (escape), and of 26 U.S.C. § 5841 (possession of an unregistered .45 caliber submachine gun).[2] He convicted himself by pleas of guilty to all three charges. On February 1, 1961, the late Judge Weber imposed sentences of five years on each of the § 2314 and § 751 violations. These sentences were to be served consecutively to one another but concurrently with a 35-year term Deckard was then serving under a state conviction in the Missouri state penitentiary. Also on February 1, 1961, the late Judge Moore imposed a four year sentence on the firearms charge. This was to be served consecutively to those sentences imposed by Judge Weber and by the state court.

In his present petition Deckard asserts that he was paroled from the

Missouri state penitentiary on April 16, 1966. He is now in federal custody (Atlanta). The first Weber sentence has been completed and he is approaching completion of the second. Service of the Moore sentence has not begun.

After being taken into federal custody Deckard filed a motion under 28 U.S.C. § 2255 attacking the firearms sentence. Judge Meredith denied this motion because Deckard was not yet serving that sentence. Heflin v. United States, 358 U.S. 415, 417–418, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). The court, however, suggested that the relief sought by the petitioner might appropriately be considered under an application for a writ of error coram nobis. Deckard responded by filing an application. When it, too, was denied the present appeal followed.

Judge Meredith in his memorandum, see pp. 565–566 of 260 F.Supp., sensed certain personal aspects of Deckard's predicament. And he went on to observe, "Petitioner's position is not necessarily without merit". He concluded, however, that, because of this court's refusal, in Page v. United States, supra, to pass on the constitutional issue, the petition for the writ of error coram nobis must be denied.

 Coram nobis appears to be the appropriate remedy for the relief Deckard seeks. Johnson v. United States, 344 F.2d 401, 410–411 (5 Cir. 1965); Kiger v. United States, 315 F.2d 778, 779 (7 Cir. 1963), cert. denied 375 U.S. 924, 84 S.Ct. 270, 11 L.Ed.2d 166; McDonald v. United States, 356 F.2d 980, 981 (10 Cir. 1966), cert. denied 385 U.S.

provisions which applied thereto were complied with.

2. "The United States Attorney charges:
 "That on or about the 3rd day of October, 1958, in the City of St. Louis, in the State of Missouri, within the Eastern Division of the Eastern District of Missouri,

 IVAN LOWELL DECKARD,

the defendant, did have in his possession a certain firearm, to wit, one .45 caliber Thompson submachine gun, bearing serial number 428539, and which said firearm

had not been registered with the Secretary of the Treasury of the United States or his delegate, as required by law; he, the said defendant, being a person required by law to register said firearm with the Secretary of the Treasury of the United States or his delegate, together with the number or other mark identifying such firearm, the defendant's name, address, place where such firearm is usually kept, and the place of defendant's business or employment.
 "In violation of Section 5841, Title 26, United States Code."

936, 87 S.Ct. 298, 17 L.Ed.2d 216. We are to bear in mind, however, that "error *coram nobis* relief should not be granted except under compelling circumstances", and that the writ "was designed only to correct errors 'of the most fundamental character' ". Gajewski v. United States, 368 F.2d 533, 534 (8 Cir. 1966), cert. denied 386 U.S. 913, 87 S.Ct. 865, 17 L.Ed.2d 786; United States v. Morgan, 346 U.S. 502, 511–512, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Azzone v. United States, 341 F.2d 417, 418 (8 Cir. 1965), cert. denied 381 U.S. 943, 85 S.Ct. 1782, 14 L.Ed.2d 706; Booker v. State of Arkansas, 380 F.2d 240 (8 Cir. 1967).

In Page v. United States, supra, 282 F.2d 807, the defendant appealed from multiple convictions. Two of these were narcotics violations. The third was a violation of § 3261(b) of the Internal Revenue Code of 1939. Section 3261(b) of the 1939 Code is the counterpart of and, with minor exceptions of no pertinence here, is identical with the present § 5841. This court affirmed the narcotics convictions but reversed, with one judge dissenting, the conviction under § 3261(b). The reversal rested on search and seizure grounds and, with the weapon ruled inadmissible, on the inadequacy of the evidence to sustain the conviction. Court-appointed appellate counsel had also raised the question of Fifth Amendment unconstitutionality of § 3261(b). This constitutional issue had not been raised at the trial. This court's panel discussed plain error under Rule 52(b), Fed.R.Crim.P., in the context of the case but unanimously held, pp. 810–811 of 282 F.2d:

"We are convinced that the exercise of a sound judicial discretion requires that, in the instant cases, we decline to pass upon the constitutionality of

the National Firearms Act requiring the registration by possessors, such as Page, of sawed-off shotguns—useless for any lawful purpose. The constitutional question has been ably briefed. If the Act, in so far as applicable here, is to be declared invalid, that should, we think, be done by the Supreme Court on certiorari—so that the declaration will have nationwide effect and acceptance. The Act in question has thus far stood up well under attack (United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206; Sonzinsky v. United States, 300 U.S. 506, 57 S.Ct. 554, 81 L.Ed. 772) and is certainly not so plainly unconstitutional (United States v. Cumbee, D.C. Minn., 84 F.Supp. 390, 392) that the failure of the trial court or this Court to hold it so can be regarded as a plain error or a culpable neglect of judicial duty."

Thus, as Judge Meredith observed in his memorandum denying Deckard's petition, p. 566 of 260 F.Supp., "our own Eighth Circuit has declined to pass on the statute's constitutionality until the Supreme Court does so with uniform binding effect". The Judge's action was in accord with what this court did in *Page* in 1960.

In Sipes v. United States, supra, 321 F.2d 174, the defendant was charged with a violation, not of § 5841, but of § 5851.[3] The latter section proscribes possession of a firearm transferred, made or unregistered in violation of other sections of the Act. The particular charge against Sipes was of a violation of § 5851, namely, possession of a firearm made in violation of § 5821. His charge was not directed to failure to register as required by § 5841. Noting that the Ninth Circuit, in Russell v. United

---

**3.** 26 U.S.C. § 5851. Possessing firearms illegally

It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of sections 5811, 5812(b), 5813, 5814, 5844, or 5846, or which has at any time been made in violation of section 5821, or to possess any firearm which

has not been registered as required by section 5841. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury.

States, 306 F.2d 402 (9 Cir. 1962), had held § 5841 unconstitutional, we said, p. 178 of 321 F.2d:

> "We need not pass, as the Ninth Circuit was compelled to do, upon the constitutionality of § 5841. * * * No violation of that section is charged by the information against Sipes. What is charged here is a violation of § 5851 in the possession of a firearm made in violation of § 5821. * * * [I]t follows, a fortiori, that any defect which might be present in § 5841 does not render a charge under § 5851 and directed to § 5821 violative of the Fifth Amendment. We so hold."

*Page* reached this court at a time before any other court had passed upon the constitutionality, under the Fifth Amendment, of § 5841 and at a time when the statute had been upheld consistently against all other constitutional attack. Actually, of course, because of the result reached by the panel's majority on the search and seizure issue, it was not at all necessary in *Page* to reach the constitutional question. And in *Sipes* we had no occasion to pass upon the validity of § 5841 because the charge there was based upon other statutes which we upheld.

In the present case, however, the issue is again raised with respect to an information charging a violation of § 5841 alone. It was also raised in the district court. It is not now to be avoided.

In the years which have elapsed since *Page* was decided in 1960, § 5841 has been challenged elsewhere on Fifth Amendment grounds. When the charge rests directly on § 5841, these challenges have all been successful. The first such case was Russell v. United States, supra, 306 F.2d 402. Judge Hamley carefully analyzed the statute against various supportive arguments advanced by the government but reached the conclusion of unconstitutionality. The court held, pp. 406–412 of 306 F.2d, that Russell was charged and convicted under § 5841, as the latter section then read; that any person who registers, in conformity with § 5841, thereby admits that he is in possession of a firearm and that he did not acquire or make it in compliance with § 5851; that, by the rebuttable presumption in the last sentence of § 5851, the registration establishes prima facie that the possession is unlawful; that § 5841 thus compels a person in possession of a firearm "to be a witness against himself concerning compliance with statutes for violation of which there is a heavy penalty"; and that the theretofore decided wagering-occupational tax cases, United States v. Kahriger, 345 U.S. 22, 32–33, 73 S.Ct. 510, 97 L.Ed. 754 (1953), and Lewis v. United States, 348 U.S. 419, 421–423, 75 S.Ct. 415, 99 L.Ed. 475 (1955), are distinguishable because § 5841 requires information as to past conduct rather than merely as to possible future acts.

Other cases reaching the same result as to unconstitutionality are Dugan v. United States, 341 F.2d 85 (7 Cir. 1965); Lovelace v. United States, 357 F.2d 306, 307–309 (5 Cir. 1966); McCann v. United States, 217 F.Supp. 751 (D.Colo.1963); United States v. Fleish, 227 F.Supp. 967 (E.D.Mich.1964). See United States v. Mares, 208 F.Supp. 550, 551 (D.Colo. 1962), aff'd 319 F.2d 71 (10 Cir. 1963).

On the other hand, as in our own case of Sipes v. United States, supra, where the charge focuses on § 5851 (receipt or possession) or § 5855 (shipment in interstate commerce) or, perhaps, some other section of the Act, even though it may also contain a reference to nonregistration under § 5841, the unconstitutionality argument has just as consistently been unsuccessful. Haynes v. United States, 372 F.2d 651 (5 Cir. 1967), cert. granted, 388 U.S. 908, 87 S.Ct. 2130, 18 L.Ed. 2d 1347; Richardson v. United States, 342 F.2d 417 (5 Cir. 1965); Pruitt v. United States, 364 F.2d 826 (6 Cir. 1966); United States v. Forgett, 349 F.2d 601 (6 Cir. 1965), cert. denied 383 U.S. 926, 86 S.Ct. 929, 15 L.Ed.2d 845; Castellano v. United States, 350 F.2d 852 (10 Cir. 1965), cert. denied 383 U.S. 949, 86 S.Ct. 1207, 16 L.Ed.2d 211; Taylor v. United States, 333 F.2d 721 (10 Cir. 1964); Mares v. United

States, supra, 319 F.2d 71, 73 (10 Cir. 1963); Hazelwood v. United States, 208 F.Supp. 622 (N.D.Cal.1962); Capooth v. United States, 238 F.Supp. 583 (S.D. Texas 1965). The Ninth Circuit itself, as we noted in Sipes, p. 178 of 321 F.2d, has drawn this distinction. Frye v. United States, 315 F.2d 491, 494 (9 Cir. 1963), cert. denied 375 U.S. 849, 84 S.Ct. 104, 11 L.Ed.2d 76; Starks v. United States, 316 F.2d 45, 46 (9 Cir. 1963).

It is true, of course, that the information against Deckard alleged possession. It charged that he "did have in his possession a certain firearm" and thus used words relatable to § 5851. But the violation charged was not of § 5851 but only of the registration § 5841. In all the cases where the indictment or information has been invalidated, there has been a similar reference to possession but there, too, the charge has been directed to the registration section and not to § 5851 or some other unoffending provision of the Act. Thus, in McCann v. United States, supra, the information, p. 753 of 217 F.Supp., charged that the defendant "did have in his possession a certain firearm * * * in violation of Title 26 U.S.C. Section 5841".

█ We necessarily conclude, therefore, that the information against Deckard, if we are to follow the authority of *Dugan, Lovelace, McCann* and *Fleish*, is constitutionally vulnerable because it rests on § 5841 which, by its registration provisions, calls for self-incrimination.

We feel that we cannot avoid the authority of these uniformly decided cases. Indeed, the distinction we drew in *Sipes*, where we upheld the information against that defendant, almost compels our holding that the Deckard information is vulnerable. We do so hold.

Although the Supreme Court still has not passed directly upon the validity of the registration provisions of § 5841, the Court's attitude, we feel, is indicated by its holding in Albertson v. Subversive Activities Control Board, 382 U.S. 70, 77–79, 86 S.Ct. 194, 15 L.Ed.2d 165 (1965). There the Court held that agency orders requiring individuals to complete and file registration statements called for by § 8(a) and (c) of the Subversive Activities Control Act of 1950, 50 U.S.C. § 787(a) and (c), would violate the Fifth Amendment's self-incrimination clause because such admission of Communist Party membership might be used as a lead to or evidence in a criminal prosecution. See Communist Party of United States v. Subversive Activities Control Board, 367 U.S. 1, 107–109, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961). We also note with interest the pending grants of certiorari in cases which raise again the question of alleged self-incriminating features of the federal wagering tax statutes. United States v. Costello, 352 F.2d 848 (2 Cir. 1965), cert. granted 383 U.S. 942, 86 S.Ct. 1195, 16 L.Ed.2d 205; United States v. Marchetti, 352 F.2d 848 (2 Cir. 1965), cert. granted 385 U.S. 1000, 87 S.Ct. 698, 17 L.Ed.2d 540.

█ We recognize that the facts here were of such a nature that Deckard apparently could have been charged under § 5851 with possession of a firearm made in violation of § 5821. This was the Sipes situation. But Deckard was not so charged. The validity of the information must be tested by what it charges, not by what it might have charged.

Judge Meredith was fully justified in denying Deckard's motion on what he felt were the implications of Page v. United States, supra. But *Page* was decided in 1960 which, although only seven years ago, is an early date so far as judicial analysis of § 5841 is concerned. Since then, as we have pointed out, § 5841 has been under consistently successful attack. In view of this authority, we would no longer be justified in declining to decide the Fifth Amendment issue.

The standards of "compelling circumstances" and "fundamental character", noted above for the availability of coram nobis relief, have obviously been met by Deckard.

Reversed and remanded. Our mandate shall issue forthwith.