Donald Walter **LEWIS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 53–68.

United States Court of Appeals
Tenth Circuit.

April 10, 1969.

Buron Keith Watson, Denver, Colo., for appellant.

Warwick Downing, II, Denver, Colo., for appellee (Lawrence M. Henry, U. S. Atty., and Robert E. Long, Asst. U. S. Atty., Denver, Colo., on the brief).

Before HILL and HOLLOWAY, Circuit Judges, and BRATTON, District Judge.

BRATTON, District Judge.

The appellant Donald Walter Lewis was tried to a jury and convicted upon an information filed in the United States District Court for the District of Colorado charging him with a violation of § 5851 [1] of the National Firearms Act, 26 U.S.C. §§ 5801–62, in that he unlawfully possessed a firearm, as defined by § 5848(1) [2] of the Act, which had not been made pursuant to the provisions of § 5821 [3] of the Act.

---

[1.] 26 U.S.C. § 5851 provides that:

"It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of sections 5811, 5812(b), 5813, 5814, 5844, or 5846, or which has at any time been made in violation of section 5821, or to possess any firearm which has not been registered as required by section 5841. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury."

[2.] 26 U.S.C. § 5848(1), which is supplemented by 26 C.F.R. § 179.20, makes the Act's requirements applicable to certain weapons including shotguns having barrels of less than 18 inches in length.

[3.] 26 U.S.C. § 5821 sets forth the making tax on such shotguns and, together with 26 C.F.R. § 179.78, delineates the procedure to insure its collection. Provided therein are the requirements which must be met prior to the making of such firearm. The maker must pay a making

The information filed against Lewis charged that he knowingly and unlawfully possessed a 12-gauge shotgun with a barrel length of 15⅛ inches upon which, prior to its making, no making tax had been paid and for which no written declaration of intention to make had been filed with the Secretary of the Treasury.

Counsel for the defense timely filed an unsuccessful motion to dismiss the information upon the ground that the privilege against self-incrimination, as guaranteed by the Fifth Amendment, provided Lewis with a complete defense to the prosecution of him under § 5851.

The issues presented for resolution on this appeal are essentially those presented to the trial court upon the motion. We are asked to determine whether, in view of the decision in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L. Ed.2d 923 (1968), the charge against Lewis under § 5851 of the Act is meaningfully distinguishable from a charge under § 5821 of the Act for failure to pay a making tax and to file a declaration of intention to make a firearm covered by the Act. If the offenses covered by the two sections are indistinguishable, we are then asked to determine whether compliance with § 5821 of the Act would have compelled Lewis to incriminate himself, thus furnishing him with a complete defense to the prosecution.

Appellant contends that the doctrine of Haynes v. United States, *supra,* should be extended to cover the present case.

In *Haynes,* the Court considered the question of whether that portion of § 5851[4] making possession of a firearm not registered pursuant to § 5841[5] was identical to and hence indistinguishable from the offense under § 5841 of failure to register possession of a firearm. It concluded that the registration clause of § 5851 incorporated the requirements of § 5841, so that a conviction under § 5851 was tantamount to a conviction under § 5841 and thus subject to any constitutional deficiencies found to be applicable to § 5841. The Court then found that the obligation to register under § 5841 was directed principally at persons who had obtained possession of a firearm without complying with the Act's other requirements and that they were therefore immediately threatened by criminal prosecutions under § 5851. The formal acknowledgment of possession and the supplementary information required to be furnished under the section and its accompanying regulation, 26 C.F. R. § 179.120, were found to substantially increase the risks of criminal prosecution. Thus, the Court held, a proper claim of the constitutional privilege against self-incrimination provided a full defense to prosecutions either for failure to register under § 5841 or for possession of an unregistered firearm under § 5851.

tax of $200.00 and must file with the Secretary of the Treasury a written declaration of his intention to make the firearm, affixed to which are the stamps issued upon payment of the tax. The written declaration must include his photograph and fingerprints and must be supported by a certificate from the local police or other appropriate person, indicating satisfaction that the fingerprints and photograph are those of the declarant, and that the firearm is intended for lawful purposes.

4. See statute cited note 1 supra.

5. 26 U.S.C. § 5841 provides that:
   "Every person possessing a firearm shall register, with the Secretary or his dele-

gate, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment, and, if such person is other than a natural person, the name and home address of an executive officer thereof. No person shall be required to register under this section with respect to a firearm which such person acquired by transfer or importation or which such person made, if provisions of this chapter applied to such transfer, importation, or making, as the case may be, and if the provisions which applied thereto were complied with."

*Haynes* does not require a finding that the offense under § 5851 of possession of a firearm which was made without paying the tax or filing the declaration required by § 5821 is indistinguishable from the offense under § 5821 of failing to pay the tax and to file the declaration prior to making.

In discussing § 5851 in its entirety, the Court in *Haynes* noted that violations of the making provision of § 5821, upon which the offense under § 5851 of possession of a firearm made in violation of the § 5821 provisions is premised, can have occurred, in the language of that clause of § 5851, "at any time." This phrase, lacking in that portion of § 5851 dealing with possession of a firearm not registered pursuant to § 5841, was found by the Court to be a significant factor. The Court concluded that its omission from the registration portion of § 5851 was inconsistent with a construction of the registration clauses of §§ 5851 and 5841 which would permit § 5851 to punish acceptance of the possession of a firearm which was never registered by any *prior* possessor and permit § 5841 to punish only a present possessor who has failed to register the fact of his possession.

The Court noted that, had a phrase analogous to the phrase "at any time" been used in the registration clause as it was in the making clause, the above construction would have clearly been the correct one.

The offense under § 5851 of possession of a firearm which was made in violation of the making provisions of § 5821 is aimed only at present possession, and the offense consists of accepting or retaining possession of a firearm made at any time by any person without compliance with § 5821.

The offense under § 5821 is aimed only at making the gun without complying with its requirement. The offense is complete and the maker has violated § 5821 when the gun is made without the prior declaration and tax.

Since the failure to declare and pay the tax cannot be rectified after the weapon is made, there is no action required or, indeed, permitted of any possessor of a covered weapon made in violation of § 5821 which would prevent such possession from violating § 5851.

Thus, unlike the offenses under §§ 5851 and 5841 considered in *Haynes*, the elements of the offenses under §§ 5851 and 5821 are not identical. See Taylor v. United States, 333 F.2d 721 (10th Cir. 1964); Sipes v. United States, 321 F.2d 174 (8th Cir. 1963), cert. denied 375 U.S. 913, 84 S.Ct. 208, 11 L.Ed.2d 150 (1963).

The distinction drawn by the court in *Haynes* has recently been followed in cases rejecting claims identical to those here made. DePugh v. United States, 401 F.2d 346 (8 Cir. 1968); United States v. Taylor, 286 F.Supp. 683 (1968).

Thus, the issue of whether the offense under § 5851 of possession of a firearm made in violation of § 5821 is properly distinguishable from the offense under § 5821 of failure to comply with the section's provisions must be resolved against the appellant.

It follows that appellant cannot claim that his timely assertion of the privilege against self-incrimination in the court below provided a full defense to the prosecution under § 5851.

Even if it were assumed that appellant is correct in contending that the privilege against self-incrimination is available under § 5821, he would still have to bring himself within the purview of that section in order to invoke it. This he has failed to do. He stands charged and convicted under the separate offense set out in § 5851.

Appellant's lack of standing to assert the privilege against self-incrimination he alleges to be available as a defense under § 5821 is not the only insurmountable problem in the argument he here advances. He recognizes that in Mares v. United States, 319 F.2d 71 (10th Cir. 1963), a case involving an offense

identical to the one with which he was charged, it was held that the privilege against self-incrimination was not available under § 5821. He contends, however, that the *Haynes* doctrine compels a re-examination of *Mares*.

His contention is based upon the unjustified assumption that both the requirements of § 5821 and the effect of compliance therewith are substantially analogous to those of § 5841, so that, if the privilege is available under § 5841, it is available under § 5821.

The differences between the requirements of §§ 5821 and 5841 were illuminated in Mares v. United States, *supra,* and in Russell v. United States, 306 F. 2d 402 (9th Cir. 1962).

In Russell v. United States, *supra,* the registration provision of § 5841 was found to be subject to an assertion of the privilege against self-incrimination because registration under § 5841 amounted to an admission that the registrant possessed a firearm and that he did not make or acquire it in compliance with the Act. Thus, registration disclosed a violation of other laws.

In Mares v. United States, *supra,* the defendant relied on *Russell* in an effort to show that the privilege against self-incrimination found to apply to § 5841 also applied to a prosecution under § 5851 premised upon § 5821. In rejecting this contention, the court held that no self-incrimination inhered in the filing of the declaration of intent to make a firearm or in payment of the making tax prior to its making, i. e., no violation of other laws was thus compelled to be disclosed. On the contrary, the requirements of § 5821 were held to establish the legality, rather than illegality, of the possession of such a firearm. *Id.* 319 F.2d at 73.

The holding of the Court in *Haynes* is identical to and is based upon the same considerations as the holding in *Russell,* which was considered by the court in *Mares.* There is no indication in *Haynes* that the distinction drawn in *Mares* between §§ 5821 and 5841 is not still

viable, and *Mares* remains controlling in the present case. It should further be noted that the present case arose in Colorado which has no criminal statute covering the subject firearm.

 It is concluded that appellant's conviction pursuant to 26 U.S.C. § 5851 is not invalid as in derogation of his Fifth Amendment privilege against self-incrimination.

Affirmed.