Anthony Earl **BURTON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

**No. 26233.**

United States Court of Appeals Fifth Circuit.

July 30, 1969.

Wayne B. Ames, Abilene, Tex., for appellant.

Eldon B. Mahon, U. S. Atty., Dallas, Tex., Andrew Barr, Asst. U. S. Atty., James F. Gaulding, Asst. Reg. Counsel I.R.S., Dallas, Tex., for appellee.

Before JONES and COLEMAN, Circuit Judges, and CHOATE, District Judge.

JONES, Circuit Judge:

Appellant Anthony E. Burton appeals from a conviction under Title 26, Section 5851, of the National Firearms Act. He and his brother Zearl T. Burton, were convicted of having in their possession a sawed-off shotgun which was made in violation of 26 U.S.C.A. § 5821 in that prior to the making of the gun there had been both a failure to file the declaration of intent to make the gun and a failure to pay the making tax of $200.00, as required. Pretrial motions to dismiss the indictment and to suppress evidence were overruled by the district court, after which the Burton brothers entered pleas of guilty, preserving their constitutional objections to the indictment. Subsequent to oral argument and submission on appeal, Zearl T. Burton filed a motion for leave to withdraw his appeal. This Court granted that motion on December 19, 1968.

On October 2, 1967, the Burton brothers were observed running a stop sign in Big Spring, Texas. They were pursued and stopped. Zearl T. Burton voluntarily stepped from the passenger side of the car. He had an unidentifiable object in his hand which, in plain sight of one of the arresting officers, he threw into a ditch about five feet from the car. The officer retrieved the object from the ditch and discovered it to be an illegal sawed-off shotgun. The brothers were promptly arrested for possession of a weapon in violation of the National Firearms Act.

■ Appellant's plea of guilty did not waive his previous claim of the constitutional privilege against self-incrimination. Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923; United States v. Ury, 2 Cir.1939, 106 F.2d 28, 124 A.L.R. 569. " 'Where, prior to his guilty plea, a defendant appropriately raises the unconstitutionality of the applicable statute, an appeal directed to that issue, is not foreclosed.' " Haynes v. United States, 5th Cir.1967, 372 F.2d 651, rev'd on other grounds 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923.

Appellant moved that the indictment against him be dismissed on the basis of the rationale of the Supreme Court in Haynes v. United States, supra. He argues that Section 5851, as applied to Section 5821, violates his Fifth Amendment rights against self-incrimination. This contention is founded on his theory that the requirements of the making sections of the National Firearms Act, 26 U.S.C.A. § 5821, are substantially the same as the registration provision of the Act, 26 U.S.C.A. § 5841. In Haynes the Supreme Court ruled that the constitutional privilege against self-incrimination was a full defense to one's being prosecuted either for the failure to register a firearm under Section 5841 or for the possession of an unregistered firearm under Section 5851. 390 U.S. at 100, 88 S.Ct. 722.

Under the provisions of Section 5821, it is obligatory that any person who wishes to make a firearm declare his intention to the Secretary of the Treasury and provide his fingerprints and photograph prior to the making. In addition, such person must pay a tax of $200.00 on each firearm so made. Section 5851, under which appellant was convicted, declares it unlawful for any person to possess or receive a firearm made in violation of Section 5821.

■ Appellant's reliance on Haynes, supra, is misplaced. Here, appellant is not charged with failure to register the gun. The crime charged against him is one of present possession. He is charged with a violation of a separate provision of Section 5851, making it unlawful to receive or possess an illegally made firearm. Under the statute, the possessor of such a firearm may not correct the maker's failure to have disclosed an intention to make such a firearm. Self-incrimination is not required under Section 5851 in its interplay with Section 5821 since it does not compel a

possessor to register or otherwise incriminate himself. The Supreme Court in *Haynes, supra,* indicated that Section 5851 as it relates to Section 5821 punishes receipt or possession of a firearm which has not been made in compliance with Section 5821 rather than failure to comply with Section 5821. *Haynes, supra,* at 92, 88 S.Ct. 722. This interpretation has been adopted by the Eighth and Tenth Circuits. Lewis v. United States, 10th Cir.1969, 408 F.2d 1310; Reed v. United States, 8th Cir.1968, 401 F.2d 756. See also DePugh v. United States, 8th Cir.1968, 401 F.2d 346, and Varitimos v. United States, 1st Cir.1968, 404 F.2d 1030. We agree with the reasoning of the Eighth and Tenth Circuits that *Haynes* does not apply to the making provisions of Section 5851. After analyzing the provisions of Section 5851 and considering the Supreme Court's opinion in *Haynes,* the Eighth Circuit concluded:

> "In this setting, the defendant's invocation of his privilege against self-incrimination is not well taken, since his offense derived not from his own failure to comply with the making provisions but rather from his possession of the firearm illegally made by others. We do not believe the Supreme Court intended that its holding in *Haynes* should be applied to a situation where, as here, the defendant was under no statutory command to and did not in fact supply any self-incriminating information."

401 F.2d 762–763.

It therefore follows that Anthony E. Burton's assertion of his privilege against self-incrimination did not provide a full defense to his prosecution under Section 5851.

■ Appellant, in his motion to suppress evidence, objected to the seizure of the shotgun as an illegal search and seizure. This argument is without merit. The illegal firearm was discovered without making a search. It was seen by one of the police officers before and at the time Zearl T. Burton threw it

to the side of the road. No search was necessary since the action of Zearl T. Burton brought the weapon clearly into open view. Even if there was a search in a technical sense, the officer was justified in seizing the gun because "objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067; Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; Nunez v. United States, 5th Cir.1967, 370 F.2d 538. The taking of the shotgun was lawful and it should not have been suppressed as evidence.

Finding no error in the district court's denial of the motion to dismiss the indictment or of the motion to suppress the evidence, the judgment of the district court is

Affirmed.