94

UNITED STATES

v.

Jimmie Ray BRITTON.

Cr. No. 69–H–300.

United States District Court
S. D. Texas,
Houston Division.

Nov. 6, 1969.

Ray Moses, Asst. U. S. Atty., Houston, Tex., for plaintiff.

James J. Hippard, Houston, Tex., for defendant.

*Memorandum and Order*

SINGLETON, District Judge.

Defendant, Jimmie Ray Britton, is charged on a four count indictment of certain violations of the National Firearms Act, 26 U.S.C.A. § 5801 et seq., as amended. He, acting through his court appointed attorney, has moved that the indictment against him be dismissed.

All of the counts in the indictment charge defendant with the possession of a weapon made from a twelve gauge, bolt action, J. C. Higgins shotgun, said to have a barrel less than eighteen inches in length, i. e. a "sawed-off" shotgun. Count One charges a violation of 26 U. S.C.A. §§ 5861(b) and 5871 in that the gun was transferred to defendant and there was a failure to pay the transfer tax as required by § 5811. Similarly, Count Two alleges a violation of the same section charged in Count One, but differs from it insofar as it alleges that the transferor of the firearm did not file a written application for the transfer and registration of the firearm to the transferee on the application form prescribed by the treasury as required by section 5812. Count Three charges a violation of §§ 5861(d) and 5871 in that the gun had not been registered to defendant in the National Firearms Registration and Transfer Record. Finally, Count Four charges that defendant violated §§ 5861(i) and 5871 since the gun was not identified by a serial number as required by § 5842.

The National Firearms Act is "an interrelated statutory system for the taxation of certain classes of firearms." Haynes v. United States, 390 U.S. 85, 87, 88 S.Ct. 722, 725, 19 L.Ed.2d 923

(1968). Congress only recently completely revised the Act from its previous form, broadening its scope and increasing penalties for violations of its provisions. The primary purpose of the Act, both before and after its revision, in October, 1968 has been to insure effective control over weapons, such as machine guns and shotguns and rifles with excessively short barrels, which could not have any legitimate purpose.

As amended, the Act requires in § 5811 that one who transfers a firearm, as defined by § 5845(e), pay a specified amount in taxes. Section 5812, among other things, prohibits the transfer of a firearm unless "the transferor has filed with the Secretary or his delegate a written application in duplicate, for the transfer and registration of the firearm to the transferee on the application form prescribed by the Secretary or his delegate * * *." A system of registration is provided by § 5841, which also requires that each firearm transferred shall be registered to the transferee by the transferor. All firearms which are manufactured in or imported into the United States must have a serial number. Section 5842(a). Anyone who possesses a firearm which does not have a serial number must identify it with one which will be assigned to him and provide any other information which the treasury regulations might require. Section 5842(b). As a general rule, information obtained from anyone by his efforts to comply with the Act may not be used as evidence, either directly or indirectly, in a criminal proceeding against the person who provided it. See Section 5848(a).

Of particular interest to the decision on this motion are the prohibited acts and penalty provisions, §§ 5861 and 5871, respectively. As previously mentioned, defendant is charged with violations of subsections (b), (d), and (i) of section 5861. Specifically, these sections of the Act make it unlawful for any person to receive or possess a firearm transferred to him in violation of the Act, to receive or possess a firearm which is not registered in the National Firearms Registration and Transfer Record, and to receive or possess a firearm which is not identified by a serial number. Section 5871 provides that, "Any person who violates or fails to comply with any provision of this chapter shall" be fined $10,000.00 and/or imprisoned for not more than ten years.

The motion to dismiss is based on defendant's Fifth Amendment privilege against self-incrimination. The indictment is said to be unconstitutional because, in order for defendant to avoid prosecution under its counts, there must be compliance with certain other provisions requiring the divulgence of incriminating information. Primary reliance is placed upon Haynes v. United States, *supra*. In *Haynes, supra,* the defendant was charged with a violation of section 5851 as it stood prior to the time it was overhauled by Congress. It provided as follows:

"It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of sections 5811, 5812(b), 5813, 5814, 5844, or 5846, or which has at any time been made in violation of section 5821, or to possess any firearm which has not been registered as required by section 5841. Whenever on trial for violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury."

The indictment charged Haynes with possession of a firearm which had not been registered as required by section 5841. Under that provision, all persons, with certain exceptions, possessing firearms had to register them with the treasury. Two questions were presented: First, whether Haynes' conviction under section 5851 was meaningfully distinguishable from a conviction under section 5841 for failure to register possession of a firearm; and second, if not, whether sat-

isfaction of section 5841 would have compelled Haynes to incriminate himself. It was held, after a conclusion that the two statutes were so interrelated as to preclude a constitutional construction, that a proper claim of constitutional privilege against self-incrimination provides a full defense to prosecutions either for failure to register a firearm under section 5841 or for possession of an unregistered firearm under section 5851. See 390 U.S. 100, 88 S.Ct. 722.

If the same approach as taken in *Haynes, supra,* is taken here, the conclusion is inescapable, under the construction which must be given the controversial provisions of the National Firearms Act, as amended, that the privilege against self-incrimination is not an issue in this case.

At the outset, it should be noted that all of the prohibited acts in section 5861, of which defendant stands accused, punish both the receipt and possession of the firearm in given situations. On the other hand, sections 5811, 5812, and 5841, to which subsections (b) and (d) of section 5861 are related, differ in the significant respect in that they impose certain duties on the transferor of the firearms. If the transferor does not meet the obligations demanded of him, he may be punished under section 5871. Unlike the challenged statutes in *Haynes, supra,* therefore, the elements of the offenses under section 5861(b) and (d) are not identical to the elements of the offenses under sections 5811, 5812, and 5841. Compare Burton v. United States, 414 F.2d 261 (5th Cir. 1969); Reed v. United States, 401 F.2d 756 (8th Cir. 1968); Lewis v. United States, 408 F.2d 1310 (10th Cir. 1969); Cf. United States v. Stevens, 286 F.Supp. 532 (D. Minn. 1968).

Subsection (i) of section 5861 presents a more difficult problem in its interplay with section 5842. Under the latter provision, one who possesses a firearm may avoid prosecution by identifying it with a serial number assigned by the treasury. It, however, punishes only possession, while under subsection (i) of

section 5861, one may be punished either for the receipt or the possession of the firearm. In *Haynes, supra,* the Supreme Court had before it two interrelated statutory provisions, one which punished the possession of an unregistered firearm (section 5851) and another which, conversely, required those who possessed to register (section 5841) and punished all who failed to do so. The court observed that the other two offenses under section 5851 punished both the receipt and possession of firearms transferred in violation of section 5811, 5812(b), 5814, 5844, and 5846, and the receipt or possession of a firearm which had been unlawfully manufactured in violation of section 5821. It was then said:

> "Under the construction given § 5851 by the United States, Congress might have been expected to declare unlawful, in addition, the receipt of firearms never previously registered; indeed, the receipt of the firearm is, under that construction, the central element of the offense. Congress' preference in the registration clause for 'possession' rather than 'receipt,' is satisfactorily explicable only if petitioner's construction of § 5851 is adopted." (390 U.S. 93–94, 88 S.Ct. 728)

In enacting the present version of section 5861, Congress had before it the *Haynes* decision. The conference committee, which ultimately agreed upon a compromise gun control bill, mentioned that the effect of the Senate amendments were to eliminate any element of self-incrimination. 68 Cong. and Admin. News 6042, 6046. Presumably, Congress was aware of the construction the Supreme Court had placed on sections 5851 and 5841 and, in order to avoid any potential self-incrimination, made both the receipt and possession of a firearm a prohibited act under the new section 5861. It can only be concluded, therefore, that the possession of a firearm without a serial number under section 5861(i) is not the same offense as possessing and then failing to register under section 5842.

Having construed these statutes in this manner, it is unnecessary for this Court to decide whether there has been any denial of defendant's privilege against self-incrimination. See Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 341 and infra, 56 S.Ct. 466, 80 L. Ed. 688 (1936); Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932). It follows that the motion to dismiss must fail.