**UNITED STATES of America,**
**Appellee,**

v.

**Charles Voyde HARRELSON, a/k/a**
**Charles S. Stoughtenborough,**
**Appellant.**

**No. 20367.**

United States Court of Appeals,
Eighth Circuit.

May 11, 1971.

---

Theodore J. Furry, Birmingham & Furry, Kansas City, Mo., for appellant.

Bert C. Hurn, U. S. Atty., William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before MEHAFFY and HEANEY, Circuit Judges, and MEREDITH, Chief District Judge.

MEREDITH, Chief District Judge.

This is an appeal from the United States District Court for the Western District of Missouri. Appellant, Charles Voyde Harrelson, a/k/a Charles S. Stoughtenborough, was charged in a two-count information.

Count 1 charged that on or about June 3, 1968, he possessed a twelve-gauge double-barrel sawed-off shotgun, in violation of 26 U.S.C. § 5851, which firearm had been altered to a barrel length of thirteen and a quarter inches, and an over-all length of twenty-two inches, in violation of 26 U.S.C. § 5821, in that no tax had been paid and no declaration had been filed.

Count 2 charged that on the same day, having been convicted of a felony, he caused to be transported in interstate commerce from Houston, Texas, to Kansas City, Missouri, the aforesaid firearm, in violation of 15 U.S.C. § 902(e). Count 2 was dismissed.

The defendant-appellant filed a motion to suppress the evidence. An evidentiary hearing was held on this motion, which was denied by the court. Thereafter, defendant waived trial by jury, and upon a stipulation of facts and the record of the motion to suppress, the matter was submitted to the court. The defendant timely filed a motion for a new trial or in the alternative for a judgment of acquittal, which was overruled by the court. Defendant was found guilty and sentenced to three years in the penitentiary.

This timely appeal was filed. Defendant-appellant raises two points on appeal: (1) the motion to suppress should have been sustained for the reason that the arresting officers did not have probable cause to arrest the defendant and search his automobile; and (2) the trial court erred in failing to find that the defendant altered the sawed-off shotgun in evidence and that the defendant by complying with the requirements of 26 U.S.C. §§ 5821 and 5851 would have violated his privilege against self-incrimination under the provisions of the Fifth Amendment.

██ The facts relative to the arrest and search are as follows: a detective of the Kansas City, Missouri, Police Department received a telephone call on June 3, 1968, at approximately 1:30 p. m., from a confidential informant, who had given reliable information on two previous occasions. On the two previous occasions, the informant had furnished information concerning the whereabouts of a stolen motor vehicle and the whereabouts of a mink stole, which had been taken in a burglary. The informant had

a prior felony conviction. The informant advised that a 1967 or '68 red Cadillac was parked near Twelfth and Broadway, near a shoeshine parlor; it had Texas license No. NJP–867; the driver was a white male, approximately thirty years of age, wearing a yellow shirt and brown trousers; underneath the front seat on the driver's side was a quantity of heroin wrapped in a rubber prophylactic; and that in the trunk of the automobile was a loaded sawed-off shotgun. This information was relayed to another Kansas City detective who, in company with a third detective, proceeded to the area near Twelfth and Broadway, in an unmarked police car, where the two detectives observed a red Cadillac convertible, 1967 or 1968 model, with Texas license No. NJP–867, parked on Twelfth Street near Broadway, near a shoeshine parlor. At approximately 2:25 p. m., the detectives observed a white male, wearing a yellow shirt and brown trousers, approach the automobile, open and close the trunk, and then enter the automobile, and drive away. The officers followed the defendant to a parking lot, where they identified themselves, searched the defendant and his automobile, and then formally placed the defendant under arrest. (The arrest actually occurred prior to the formal arrest. The officers held the defendant at gunpoint while searching him and the automobile.) A search of the automobile located the loaded sawed-off shotgun in question in the trunk of the car. No narcotics were found in the car.

Turning first to the question of probable cause to make the arrest, this Court is well aware of the decisions in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The facts in this case fall within the case of United States v. Mitchell, 425 F.2d 1353 (8th Cir. 1970), written by Justice Blackmun, while a member of this Court, wherein he starts with Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), and points out that Draper v. United States, 358 U.S. 307, 79 S.Ct.

329, 3 L.Ed.2d 327 (1959), continues to have vitality.

It is apparent in the instant case that the arresting officers by their own observations confirmed prior to the arrest of defendant the following information which they had received from a reliable informant: (1) suspect was in the vicinity of Twelfth and Broadway; (2) at 1:30 p. m. the informant advised that suspect would be in that vicinity, arrest took place at 2:25 p. m.; (3) description: white, male; (4) wearing a yellow shirt; (5) brown trousers; (6) car was parked; (7) near a shoeshine parlor near Twelfth and Broadway; (8) automobile: 1967 or 1968 Cadillac; (9) red; (10) convertible; and (11) bearing Texas license No. NJP–867. Under these facts and the existing law, the police had probable cause to arrest the defendant and to search his automobile.

The second point raised by defendant is that the trial court erred in failing to find that the defendant altered the sawed-off shotgun in evidence and that the defendant by complying with the requirements of 26 U.S.C. §§ 5821 and 5851 would have violated his privilege against self-incrimination under the provisions of the Fifth Amendment.

A review of the record below shows that the defendant received the shotgun in an unaltered condition and stated that he altered the gun. He had it in his possession and he had not filed a declaration or paid the tax thereon. The trial court found as follows: "Although it appears probable that defendant Harrelson made the firearm by altering the shotgun by sawing off the barrels and stock so that the over-all length is less than 26 inches and the barrels are less than 18 inches, the Court makes no specific finding of fact to that effect." This defendant was not charged with altering the shotgun, therefore, who altered the gun is immaterial. Defendant was charged with possession, and the Fifth Amendment privilege is not applicable for a violation of 26 U.S.C. § 5851 for *possession* of a firearm made in violation of 26 U.S.C. § 5821. Since Haynes v. United States,

390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); and Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), this matter has been settled by this Court, Reed v. United States, 401 F.2d 756 (1968), cert. denied 394 U.S. 1021, 89 S.Ct. 1637, 23 L.Ed.2d 48 (1969), and DePugh v. United States, 401 F.2d 346 (8th Cir. 1968), and in other circuits as well, Marshall v. United States, 422 F.2d 185 (5th Cir. 1970); Burton v. United States, 414 F.2d 261 (5th Cir. 1969); and United States v. Thompson, 420 F.2d 536 (3rd Cir. 1970).

Judgment affirmed.