**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jerry Donald LONG, Defendant-Appellant.**

**No. 71-1205.**

United States Court of Appeals, Tenth Circuit.

Jan. 18, 1972.

Charles Yon, Oklahoma City, Okl. (H. A. Leatherman, Oklahoma City, Okl., on the brief), for defendant-appellant.

Harry Ellis, Chief Counsel, I. R. S., Dallas, Tex. (William R. Burkett, U. S. Atty., and Floy E. Dawson, Asst. U. S. Atty., Oklahoma City, Okl., on the brief), for plaintiff-appellee.

Before PICKETT, HILL and DOYLE, Circuit Judges.

PER CURIAM.

This is an appeal from a jury verdict of guilty entered by the United States District Court for the Western District of Oklahoma on February 10, 1971, against Jerry Donald Long, for possession of a firearm in violation of Title VII of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. App. § 1202(a) (1).[1]

Appellant Long had previously been convicted of a felony. In June, 1970, Long employed Joe Wyman Jones, an electrician, to do some electrical work for him. The two became friendly; Long revealed that he was a convicted felon and approached Jones about securing ammunition for several firearms which Long possessed. Appellant advanced plans for "settling scores" and robbing and murdering farm families. Jones went to the police. After further evidence was gathered, Long was arrested and indicted on two counts of violation of 18 U.S.C. App. (Supp. VII) §§ 1202(a) (1) and 1202(c) (3).

The government made no attempt to plead or prove receipt, possession or

[1]. 18 U.S.C.App. (Supp. VII) § 1202(a) Any person who (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who re-

ceives, possesses, or transports in commerce or affecting commerce . . . any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

transportation of a firearm "in commerce or affecting commerce". The indictment does not so read, nor was evidence introduced at the trial to prove a nexus between possession and interstate commerce. The element of interstate commerce is thus entirely lacking in the proceedings below.

We are compelled to reverse the conviction for failure of pleading and proof of a nexus between receipt, possession, or transportation of the firearm and interstate commerce. The recent United States Supreme Court decision of United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), is controlling. The conviction stands reversed, and the case is remanded to the trial court with instructions that the indictment be dismissed.

Reversed.