**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Hugh Lee BAKER, Defendant-Appellant.**

**No. 71–1179.**

United States Court of Appeals,
Tenth Circuit.

Jan. 21, 1972.

Richard V. Thomas, U. S. Atty. (Tosh Suyematsu, and Jack Speight, Asst. U. S. Attys., on the brief), for plaintiff-appellee.

Weston W. Reeves, Cheyenne, Wyo., for defendant-appellant.

Before HOLLOWAY and DOYLE, Circuit Judges, and DAUGHERTY, District Judge.

WILLIAM E. DOYLE, Circuit Judge.

Appellant Hugh Lee Baker was found guilty in United States District Court in Wyoming of violating Title 18 App. U. S. Code, § 1202(a), which reads in pertinent part as follows:

"(a) Any person who—

(1) Has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony. . . .

"and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

The facts leading to appellant's arrest were essentially uncontested. He was a previously convicted felon, having been convicted of various felonies in both state and federal courts in the past. Baker and one Nelson were sitting in a bar in Cheyenne; Nelson was desirous of obtaining funds wherewith to entertain a lady friend, and hit upon the idea of pawning a pistol he owned. As Nelson did not want the girl to know how low he was on funds, he sent Baker to pawn the gun, there being an understanding that both Baker and Nelson would use some of the funds so obtained to eat dinner. Pursuant to Nelson's instructions, Baker went across the street to Nelson's hotel room, obtained the gun, took it down the street a short way to the pawnshop, and pawned it, signing his own name on the pawnslip. He brought the $30.00 thus secured back to Nelson, the entire transaction taking about fifteen minutes.

Thus, evidence of possession of the firearm was adequate, but there was a dearth of proof that it had moved in commerce.

Appellant raises several issues on his appeal, but the commerce issue is completely dispositive of the case. The government states in its brief:

"The contention of the United States, and the theory under which this prosecution was instituted is that it is not necessary to allege or to prove that a firearm possessed by one convicted of a felony was possessed in commerce or affecting commerce." (Brief, p. 4).

This contention has now been rendered untenable by the Supreme Court of the United States in United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971):

"the phrase 'in commerce or affecting commerce' is part of all three offenses, and the present conviction must be set aside because the Government has failed to show the requisite nexus with interstate commerce." (404 U.S. 347, 92 S.Ct. 522).

As the government here made no effort to show any such "nexus" between Baker's possession of the handgun and interstate commerce, the judgment is reversed.