**Kenneth DeWayne SANDERS, Appellant,**

**v.**

**UNITED STATES of America,
Appellee.**

**No. 71–1060.**

United States Court of Appeals,
Tenth Circuit.

Feb. 11, 1972.

Certiorari Denied May 15, 1972.
See 92 S.Ct. 1798.

Thomas T. Crumpacker, Denver, Colo. (Wood, Ris & Hames, Denver, Colo., on the brief), for appellant.

Edwin L. Gage, Asst. U. S. Atty. (Richard A. Pyle, U. S. Atty., on the brief), for appellee.

Before JONES *, HILL and BARRETT, Circuit Judges.

JONES, Circuit Judge.

The first count of an information in the District Court for the Eastern District of Oklahoma charged that

"On or about October 25, 1968, in Muskogee County, in the Eastern District of Oklahoma, Kenneth DeWayne Sanders knowingly and unlawfully possessed a firearm, as defined by Section 5848(1), Title 26, United States Code, to-wit: a weapon made from a .410 gauge shotgun, with barrel 8½ inches in length and with overall length of less than 26 inches, which firearm had been made in violation of Section 5821, Title 26, United States Code, in that the making tax of $200.-00 had not been paid prior to the making of this firearm, and in that, prior to the making of such firearm, there was a failure to file a written declaration of intention to make such firearm, as required."

The second count of the information charged Sanders with a violation of the Dyer Act, 18 U.S.C.A. § 2312. He entered a plea of guilty to both counts. After his plea had been made the court asked, "Did you make the gun . . . ." and he replied "Yes, Sir." His plea was accepted and he was given consecutive sentences on the two offenses. He made unsuccessful attempts to vacate his conviction and sentence under 28 U.S.C.A. § 2255 and has appealed.

In his Section 2255 proceedings, Sanders claimed that his pleas of guilty and waiver of counsel were induced by ignorance, intimidation, and promises made by Federal agents. He asserted as grounds for setting aside his convictions that he was not advised of his right to appeal, that he was interrogated without counsel, and that the firearms statutes under which he was convicted were unconstitutional. After an evidentiary hearing, Sanders' applications to set aside his convictions and sentences were denied. The appeal raises two issues, whether the court should have appointed counsel to represent him at the Section 2255 hearing, and whether the firearms statutes under which he was convicted were unconstitutional as to him because they were in violation of his privilege against self-incrimination.

Whether counsel is to be appointed for an indigent petitioner in a Section 2255 proceeding is a matter within the discretion of the district court. Day v. United States, 8th Cir. 1970, 428 F.2d 1193; Evans v. United States, 7th Cir. 1969, 408 F.2d 369; Hollinger v. United States, 5th Cir. 1968, 391 F.2d 929; Lujan v. United States, 5th Cir. 1970, 431 F.2d 871.

The Supreme Court has stated:

In most Federal courts, it is the practice to appoint counsel in postconviction proceedings only after a petition for postconviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing. Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718.

It might have been better if counsel had been appointed to represent Sanders at the evidentiary hearing. However it does not appear that any prejudice to Sanders resulted from the absence of counsel. It was not error not to appoint counsel for him.

* Of the Fifth Circuit, sitting by designation.

The constitutionality of 26 U.S.C.A. § 5821 [1] and 26 U.S.C.A. § 5851 [2] in the factual situation here present is not a case of first impression.[3] The district court was of the opinion that the constitutional question was not raised in time. The constitutional question was not decided by the district court. Sanders had plagued the district court with several repetitive and meritless petitions for Section 2255 relief before filing the petition which reasserted a number of grounds asserted in petitions previously denied and included the challenge to the validity of the statute as applied to him in the case in which he was convicted. Under the circumstances we conclude that Sanders was entitled to have the question decided. Gillespie v. United States, 402 U.S. 938, 91 S.Ct. 1628, 29 L.Ed.2d 106, vacating Gillespie v. United States, 7th Cir. 1969, 409 F.2d 511. Since no fact issue is presented, no useful purpose would be served by a remand to the district court for its determination of the question as to the validity of the statute.

Sanders' constitutional claim is based upon Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923. In the Haynes case it was held that the charge of possession of an unregistered firearm was indistinguishable from the offense of failure to register such firearm, and that the constitutional bar against self-incrimination rendered Haynes' conviction invalid. Haynes was convicted under 26 U.S.C.A. § 5851 and 26 U.S.C.A. § 5841. The statutes under which Sanders was convicted are different and have been differently construed.

This Court has held that the statute under which Sanders was convicted is to be distinguished from the statute before the Supreme Court in the Haynes case and that the defense of incrimination is not available against a charge of possession of a firearm made without procuring a permit and the payment of a tax. Lewis v. United States, 10th Cir. 1969, 408 F.2d 1310. This Court has said:

The offense under § 5851 of possession of a firearm which was made in violation of the making provisions of § 5821 is aimed only at present possession, and the offense consists of accepting or retaining possession of a

1. (a) Rate.—There shall be levied, collected, and paid upon the making in the United States of any firearm (whether by manufacture, putting together, alteration, any combination thereof, or otherwise) a tax at the rate of $200 for each firearm so made.

(b) Exceptions. . . .

(c) By whom paid; when paid.—The tax imposed by subsection (a) shall be paid by the person making the firearm. Such tax shall be paid in advance of the making of the firearm.

(d) How paid.—Payment of the tax imposed by subsection (a) shall be represented by appropriate stamps to be provided by the Secretary or his delegate.

(e) Declaration.—It shall be unlawful for any person subject to the tax imposed by subsection (a) to make a firearm unless, prior to such making, he has declared in writing his intention to make a firearm, has affixed the stamp described in subsection (d) to the original of such declaration, and has filed such original and a copy thereof. The declaration required by the preceding sentence shall be filed at such place, and shall be in such form and contain such information, as the Secretary or his delegate may by regulations prescribe. The original of the declaration, with the stamp affixed, shall be returned to the person making the declaration. If the person making the declaration is an individual, there shall be included as part of the declaration the fingerprints and a photograph of such individual. 26 U.S.C.A. § 5821.

2. It shall be unlawful for any person to receive or possess any firearm . . . which has at any time been made in violation of § 5821. . . . Whenever on trial for a violation of this section the defendant is shown to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury. 26 U.S.C.A. § 5851.

3. The statutes under consideration have been superseded and the present statutes have been held to be valid. United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356.

firearm made at any time by any person without compliance with § 5821.

The offense under § 5821 is aimed only at making the gun without complying with its requirement. The offense is complete and the maker has violated § 5821 when the gun is made without the prior declaration and tax.

Since the failure to declare and pay the tax cannot be rectified after the weapon is made, there is no action required or, indeed, permitted of any possessor of a covered weapon made in violation of § 5821 which would prevent such possession from violating § 5851.

Thus, unlike the offenses under §§ 5851 and 5841 considered in Haynes, the elements of the offenses under §§ 5851 and 5821 are not identical. 408 F.2d 1310, 1312.

The same result has been reached by other Courts of Appeal. Reed v. United States, 8th Cir. 1968, 401 F.2d 756, cert. denied 394 U.S. 1021, 89 S.Ct. 1637, 23 L.Ed.2d 48; United States v. Harrelson, 8th Cir. 1971, 442 F.2d 290; Burton v. United States, 5th Cir. 1969, 414 F.2d 261; Marshall v. United States, 5th Cir. 1970, 422 F.2d 185; United States v. Thompson, 3rd Cir. 1970, 420 F.2d 536.

The rule and the reason for it have been stated by the Fifth Circuit in this language:

Appellant's reliance on Haynes, supra, is misplaced. Here, appellant is not charged with failure to register the gun. The crime charged against him is one of present possession. He is charged with a violation of a separate provision of Section 5851, making it unlawful to receive or possess an illegally made firearm. Under the statute, the possessor of such a firearm may not correct the maker's failure to have disclosed an intention to make such a firearm. Self-incrimination is not required under Section 5851 in its interplay with Section 5821 since it does not compel a possessor to register

or otherwise incriminate himself. Burton v. United States, supra, 262.

Sanders contends that the principles of the cases cited are inapplicable because of his statement at the time he made his plea of guilty that he was the maker of the gun and as maker the defense of self-incrimination would have been available to him. He urges that the making and possession cannot properly be severed. Sanders is not the first to take this position. The same contention was urged in United States v. Harrelson, supra, and was there disposed of, and properly so we think, in this manner:

A review of the record below shows that the defendant received the shotgun in an unaltered condition and stated that he altered the gun. . . . This defendant was not charged with altering the shotgun, therefore, who altered the gun is immaterial. Defendant was charged with possession, and the Fifth Amendment privilege is not applicable for a violation of 26 U.S.C. § 5851 for possession of a firearm made in violation of 26 U.S.C. § 5821. 442 F.2d 290, 292.

The Fifth Circuit has reached the same result. Marshall v. United States, supra.

In the Ninth Circuit the position urged by Sanders has received judicial approval. United States v. Benner, 9th Cir. 1969, 417 F.2d 421. The conclusion is here reached that the other decisions are not only greater in number but more logical in reason than that of the Benner case. The doctrine of United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L. Ed.2d 488, [1971, 40 U.S.L.W. 4101]; United States v. Fletcher, 10th Cir. 1972, 453 F.2d 893; United States v. Long, 10th Cir. 1972, 453 F.2d 1331, and United States v. Baker, 10th Cir. 1972, 453 F.2d 880, is not applicable here.

It follows that the judgment of the district court should be and it is

Affirmed.