UNITED STATES of America,
Appellee,

v.

Douglas K. ROLLINGS, Appellant.

No. 73–1818.

United States Court of Appeals,
Eighth Circuit.

Feb. 25, 1974.

Arthur Mack, Minneapolis, Minn., for appellant.

Robert G. Renner, U. S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Douglas K. Rollings was charged in an indictment that, having been previously convicted of a felony, he knowingly received a firearm in and affecting commerce in violation of 18 U.S.C. App. § 1202(a)(1). He entered a plea of not guilty and waived trial by a jury. The case was heard upon facts stipulated by Rollings and the Government, and Rollings was found guilty of the one count as charged in the indictment. Rollings appeals that conviction arguing, as he did before the district court, that the lower court's decision, as well as the decisions of this Court, and the decision of the Supreme Court which construe and apply 18 U.S.C. App. § 1202, fail to consider the decision of the Supreme Court in Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). We affirm the district court's decision.

In Tot v. United States, *supra,* 319 U.S. at 466, 63 S.Ct. at 1241, the Supreme Court held that the section of the Federal Firearms Act (15 U.S.C. § 902(f)) which provided that it was unlawful for a convicted felon to receive a firearm "which ha[d] been shipped or transported in interstate or foreign commerce" was confined to the receipt of firearms as a part of interstate transportation and did not extend to the receipt, in an intrastate transaction, of such articles which, at some prior time, had been transported interstate. However, *Tot* dealt with a predecessor statute to 18 U.S.C. § 922(g) and (h), "a modified and recodified version of 15 U.S.C. §

902(e) and (f) (1964 ed.), 75 Stat. 757, which in turn amended the original statute passed in 1938, 52 Stat. 1250, 1251." United States v. Bass, 404 U.S. 336, 343 n. 10, 92 S.Ct. 515, 520, 30 L.Ed.2d 488 (1971). This Court has recently held in a receiving and concealing case brought under 18 U.S.C. § 922(h) that "it is not sufficient . . . to prove that the firearm had at some remote time previously traveled in interstate commerce." United States v. Ruffin, 490 F.2d 557 (8th Cir. 1974).

■ In this case, however, Rollings was convicted under 18 U.S.C. App. § 1202(a)(1). In construing *that* statute, the Supreme Court said:

> . [W]e add a final word about the nexus with interstate commerce that must be shown in individual cases. The Government can obviously meet its burden in a variety of ways. . . .
> For example, a person "possesses . . . in commerce or affecting commerce" if at the time of the offense the gun was moving interstate or on an interstate facility, or if the possession affects commerce. Significantly broader in reach, however, is the offense of "receiv[ing] . . . in commerce or affecting commerce," for we conclude that the Government meets its burden here *if it demonstrates that the firearm received has previously traveled in interstate commerce.*

United States v. Bass, *supra*, 404 U.S. at 350, 92 S.Ct. at 524 (emphasis added). Thus, for a conviction under Section 1202(a), the Government need only establish that the firearm, sometime prior to its receipt by the defendant, traveled in or affected commerce. United States v. Bass, *supra. See also* United States v. Lupino, 480 F.2d 720, 723–724 (8th Cir. 1973); United States v. Glasgow, 478 F.2d 850, 851 (8th Cir. 1973); United States v. Mancino, 474 F.2d 1240,

1241–1242 (8th Cir.), cert. denied, 412 U.S. 953, 93 S.Ct. 3020, 37 L.Ed.2d 1007 (1973).

■ Among the stipulated facts before the district court in this case was:

> 3. The 9 mm Luger pistol received by the defendant was made in Germany by Mauser, and traveled from Germany to Minnesota sometime prior to the defendant's receipt of the firearm in Minnesota.

"Commerce," as defined by 18 U.S.C. App. § 1202(c)(1):

> [m]eans travel, trade, traffic, commerce, transportation, or communication among the several States, . . . or between any foreign country . . . and any State . . . .

Thus, the Government has demonstrated that the Luger received by Rollings previously moved in commerce. This establishes a significant nexus with interstate commerce.

The judgment of conviction is affirmed.