**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ardis Jack BUMPHUS, Defendant-Appellant.**

**No. 74–1212.**

United States Court of Appeals, Tenth Circuit.

Argued Nov. 12, 1974.

Decided Jan. 15, 1975.

W. Irving Shaw, Asst. U. S. Atty., Wichita, Kan. (Robert J. Roth, U. S. Atty., Wichita, Kan., with him on the brief), for plaintiff-appellee.

Victor N. Nilsen, Englewood, Colo., for defendant-appellant.

Before PICKETT, BARRETT and DOYLE, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal from a conviction for violating 18 U.S.C. App. § 1202(a), which prohibits the transportation, possession or receipt of firearms by a convicted felon affecting interstate commerce.[1] The two counts of a four-count indictment upon which Ardis Jack Bumphus was convicted alleged that he unlawfully received in commerce and affecting commerce described firearms.[2] The firearms were discovered in the home of Bumphus by law enforcement officers while executing a search warrant. The evidence established that the Smith and Wesson revolver was stolen from the owner's automobile in Dallas, Texas, on February 23, 1973; that the Eig firearm was manufactured in Italy in 1967 and thereafter shipped to an importer in Miami, Florida, and then to a dealer in Wichita, Kansas, on January 11, 1968. This gun was stolen from a purchaser's home in Wichita, Kansas, on October 9, 1972. There was no evidence that Bumphus was personally involved in the interstate movement of either of the guns.

The basic question presented is whether the evidence is sufficient to satisfy the interstate commerce provisions of the statute. The gist of the argument is that the prosecution must prove that the firearm was received by the accused in interstate commerce and that the proof of previous interstate transportation with which the accused had no connection is not adequate. In construing Section 1202(a), the Supreme Court, in United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), held that a connection with interstate commerce is an essential element of the crime of possessing or receiving a firearm under the provisions of that statute.[3] With reference to the necessary proof to establish the interstate commerce requirements, the Court said, 404 U.S. at page 350, 92 S.Ct. at page 524:

> Having concluded that the commerce requirement in § 1202(a) must be read as part of the "possesses" and "receives" offenses, we add a final word about the nexus with interstate commerce that must be shown in individual cases. The Government can obviously meet its burden in a variety of ways. We note only some of these. For example, a person "possesses . . . in commerce or affecting commerce" if at the time of the offense the gun was moving interstate or on an interstate facility, or if the possession affects commerce. Significantly broader in reach, however, is the offense of "receiv[ing] . . . in commerce or affecting commerce,"

---

1. 18 U.S.C. App. § 1202(a) provides in part:
   Any person who—
   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, or

   .    .    .    .    .

   and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

2. Count II referred to a .38 caliber Smith and Wesson revolver, and Count III described a .38 caliber EIG revolver.

3. See United States v. Henry, 501 F.2d 1335 (10th Cir. 1974); United States v. Baker, 453 F.2d 880 (10th Cir. 1972); United States v. Fletcher, 453 F.2d 893 (10th Cir. 1972); United States v. Long, 453 F.2d 1331 (10th Cir. 1972).

for we conclude that the Government meets its burden here if it demonstrates that the firearm received has previously traveled in interstate commerce. . . .

■ Following the *Bass* decision, the courts which have considered the requisite connection with interstate commerce in cases similar to the instant case have generally held that the interstate commerce provisions of Section 1202(a) are satisfied when it is shown that the firearm moved in interstate commerce prior to the time that an accused is charged with possession or receipt of the gun. It is the movement of the firearm which has the affect upon interstate commerce, and not the activity of the person in whose possession it is later found. United States v. Horton, 503 F.2d 810 (7th Cir. 1974); United States v. Haley, 500 F.2d 302 (8th Cir. 1974); United States v. Bush, 500 F.2d 19 (6th Cir. 1974); United States v. Rollings, 494 F.2d 344 (8th Cir. 1974); United States v. Walker, 489 F.2d 1353 (7th Cir. 1973), cert. denied, 415 U.S. 982, 94 S.Ct. 1574, 39 L.Ed.2d 879 (1974); United States v. Thomas, 485 F.2d 557 (5th Cir. 1973); United States v. Lupino, 480 F.2d 720 (8th Cir.), cert. denied, 414 U.S. 924, 94 S.Ct. 257, 38 L.Ed.2d 159 (1973); United States v. Mullins, 476 F.2d 664 (4th Cir.), cert. denied, 414 U.S. 839, 94 S.Ct. 91, 38 L.Ed.2d 75 (1973); United States v. Brown, 472 F.2d 1181 (6th Cir. 1973). *Cf.* United States v. Henry, *supra*, which upholds the constitutionality of Section 1202(a). We conclude that there was adequate evidence to sustain the conviction on the two counts of receiving the firearms by a convicted felon.

■ When the state officers made the search of the Bumphus premises the firearms in question were found in a drawer of a bedroom dresser. In its instructions to the jury the court explained the essential elements of the crime of receiving firearms in violation of Section 1202(a).[4] The jury was told that to support the charge of receiving firearms it is necessary to prove actual or constructive possession by the accused. When found, the firearms were not on the person of Bumphus and the court undertook to explain circumstances which amount to possession, such as dominion and control, along with other conditions indicating possession. It is argued that these instructions relate to the offense of possession of firearms, which is a separate offense, and in effect permits the jury to rely on an unlawful presumption that possession amounts to receiving, citing Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); and Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). Those cases were construing statutory presumptions. In the instant case a statutory presumption is not involved and there was evidence from which the interstate movement of the firearms could be inferred. The reference to possession in the instruction was for the purpose of assisting the jury in determining whether Bumphus, because of his possession, had actually received the firearms. Under the facts and circumstances of the case, the instructions as a whole fairly presented the issues to the jury.

Affirmed.

4. The court instructed the jury that it was necessary for the prosecution to prove beyond a reasonable doubt the essential elements of the crime of receiving firearms, which were: First, that the defendant unlawfully received the firearms described in the indictment; second, that the receipt of the firearms was in interstate commerce or affected commerce; and third, that the defendant had previously been convicted in a federal or state court of a felony.