**UNITED STATES of America, Appellee,**

**v.**

**Milo Warfield GOINGS, Appellant.**

**No. 75–1057.**

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1975.

Decided May 29, 1975.

Glen H. Johnson, Rapid City, S. D., for appellant.

Larry M. Von Wald, Asst. U. S. Atty., Sioux Falls, S. D., for appellee.

Before GIBSON, Chief Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

Milo Warfield Goings was indicted, tried and convicted of violating 18 U.S.C. App. § 1202(a)(1) (1970) which proscribes receipt of a firearm by a convicted felon. He was sentenced to two years imprisonment. Four contentions of error are raised on appeal.

First, he argues that the trial court erred in restricting cross-examination of two of the arresting officers. There is no indication that the matters sought to be explored had any connection with Goings' arrest. The extent of cross-examination as to collateral matters is discretionary with the trial court. United States v. Washington, 504 F.2d 346, 349 (8th Cir. 1974). We find no abuse herein.

Goings next argues that there was an insufficient showing that the gun was "in commerce or affecting commerce." To establish a violation of § 1202(a) the Government "need only establish that the firearm, sometime prior to its receipt by the defendant, traveled in or affected commerce." United States v. Rollings, 494 F.2d 344, 345 (8th Cir. 1974). There was ample evidence to establish that the gun had been shipped in interstate commerce only four months before it was found in defendant's possession.

Defendant argues that the Government must prove his actual knowledge that he was violating the law. However, we have held to the contrary. United States v. Mostad, 485 F.2d 199 (8th Cir. 1973), cert. denied, 415 U.S. 947, 94 S.Ct. 1468, 39 L.Ed.2d 563 (1974). Lastly, he claims the trial court erred in instructing the jury that the Government had met its burden of proof as to whether he was a convicted felon. Although we agree that the trial court should not instruct a verdict in a criminal case, we are satisfied that no prejudice ensued and reversal is not required. Defendant admitted his prior felony convictions and this question was not in dispute. Nor was the trial court's instruction objected to as required by Rule 30, Fed.R.Crim.P. See Hewitt v. United States, 110 F.2d 1, 9 (8th Cir.), cert. denied, 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409 (1940). See also Malone v. United States, 238 F.2d 851, 852 (6th Cir. 1956).

The judgment of conviction is affirmed.